## S90A0020. WATKINS v. THE STATE.
(386 SE2d 132)

Smith, Justice.

Appellant Randy Mitchell Watkins was indicted for the malice murder of Edith Elaine Watkins, his estranged wife. A jury found him guilty, and he was sentenced to a term of life imprisonment. We affirm.[1]

On the evening of September 12, 1986, the victim went riding with two friends. Witnesses testified that the appellant walked up to the car where the victim and her friends were sitting and repeatedly requested the victim to leave with him. When the victim refused, the appellant stated, "If you won't get out, I have something for you." The appellant shot the victim twice in the chest and once in the right arm. A witness testified that the appellant shot additional shots at the car as he ran away.

Later that night, police found the appellant lying in a ditch beside his car with a self-inflicted gunshot wound to his head. This wound resulted in appellant's total blindness and some brain damage. A gun was found in the appellant's car, and shell casings were found at the scene of the shooting. A State Crime Lab ballistics examiner testified that the bullets recovered from the victim and the shell casings were fired from the appellant's gun.

1. The evidence put forth at trial was sufficient for a rational trier of fact to have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in admitting certain photographs of the victim and articles of clothing removed from her body. The photographs were taken at the crime scene and were used to depict the location and nature of the victim's wounds as well as to illustrate the autopsist's testimony. Therefore, admission of the photographs was not error. *Brown v. The State*, 250 Ga. 862 (302

---

[1] The crime was committed on September 12, 1986. The Elbert County jury returned its verdict of guilty on February 2, 1988. The out-of-time notice of appeal was filed on September 25, 1989. The transcript of evidence was filed on August 4, 1989. The record was docketed in this Court on October 5, 1989. The case was submitted by brief on October 27, 1989.

SE2d 347) (1983). Similarly, the admission of the clothing was not error since the bullet holes and blood contained on the clothing were used to demonstrate the location and nature of the wounds and to illustrate the testimony of an expert witness. *Smith v. State*, 255 Ga. 685 (341 SE2d 451) (1986); *Moon v. State*, 258 Ga. 748 (375 SE2d 442) (1988).

3. The appellant contends that the trial court erred in allowing a court-appointed psychiatrist to testify that the appellant had been examined by other psychiatrists and that their opinions concurred with his. The appellant argues that this testimony was hearsay, and he further challenges the competence of the psychiatrist as an expert due to his lack of familiarity with the statutory definition of competence.

The trial court did not err in overruling the appellant's objection to the testimony regarding the other psychiatrists' opinions. The witness testified to his opinion that the appellant did not meet the criteria for a plea of not guilty by reason of insanity or those for a plea of guilty but mentally ill. No witness offered an opinion contrary to this. If the witness' testimony regarding the opinion of others was error, it was harmless since even if that testimony had been excluded, the evidence remained unrebutted that the appellant did not meet the criteria for either of the pleas. Furthermore, an expert witness need only be competent as an expert in his own field, and he need not have legal expertise. OCGA § 24-9-67.

4. The appellant contends that the trial court erred in failing to charge the complete provisions of OCGA § 17-7-131 (b) (3) dealing with pleas of not guilty by reason of insanity and guilty but mentally ill. The trial court properly charged the jury with respect to the provisions of the statute. Furthermore, the appellant waived any objection by his failure to object at trial.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 5, 1989.

*Floyd W. Keeble, Jr.,* for appellant.

*Lindsay A. Tise, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.