## A97A0488. MALONE v. THE STATE.
### (486 SE2d 57)

BLACKBURN, Judge.

Antonio Malone was convicted of aggravated assault and aggravated battery in connection with the shooting of Carmenthia McGuire. On appeal, Malone contends the trial court erred in allowing evidence regarding a prior similar transaction. Malone also argues that the two offenses merged and that the court thus erred in sentencing him on both offenses.

1. Malone contends the court erred in allowing testimony regarding a prior similar transaction, arguing that the prior offense was not sufficiently similar to the offense for which he was charged.

The victim, McGuire, testified that he, Malone, and others were playing craps. After McGuire had won some money, a man known as "E" said that McGuire could "stand a robbing." McGuire responded by stating, "You don't know who the f[- - -] I am." Malone then said, "F[- - -] who you is," to which McGuire responded "F[- - -] you." When McGuire turned around to resume the game, Malone shot him in the back of his leg. McGuire testified that Malone then put the pistol in McGuire's face while the other man said "Go on and shoot him." Malone then demanded that McGuire give him his money.

Malone testified that he shot McGuire in self-defense. He testified that McGuire came at him with a knife, and that he tried to shoot past McGuire but hit him in the leg when McGuire turned.

After Malone testified, the court allowed the state to present evidence of a prior similar transaction that had occurred one week before the shooting. The state presented evidence that Malone and some of his friends, including one known as Eric or "E," became involved in a fight with another group at a nightclub when Malone refused to apologize after stepping on another man's foot. When the other group left the nightclub, they fired shots from their car, an Acura, into a car containing Malone's friends. Malone, who was not in the car, then fired several shots into the departing Acura. In a

statement to police offered into evidence, Malone denied he was the shooter, although he admitted that it was his gun. However, the state presented eyewitness testimony that Malone was the shooter, and that no shots were being fired at Malone. The state introduced a certified copy of Malone's guilty plea to a charge of aggravated assault in connection with the incident.

Malone contends the court erred in admitting the similar transaction evidence because the two offenses were not sufficiently similar. See *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991) (state must show, inter alia, that there is a sufficient connection between the independent offense or act and the crime charged so that proof of the former tends to prove the latter). This argument is without merit. The two instances were extremely close in time, occurring within a week of each other. There was evidence that both occurred in the presence of Malone's friend "E." In both instances, Malone shot at someone following an argument. Although Malone argues that the shooting in this case is dissimilar because it occurred in the context of an armed robbery, the evidence shows that Malone shot McGuire after McGuire made insulting statements to Malone. Only *after* the shooting did Malone demand McGuire's money.

The similar transaction "tends to show [Malone's] temper and his propensity to settle disagreements with a gun." *Willis v. State*, 214 Ga. App. 479, 480 (448 SE2d 223) (1994). The fact that, in the earlier event, shots were fired by the other party does not render the offenses so dissimilar as to require exclusion; the shots were not fired at Malone, and the car was pulling away when Malone fired his shots. "[B]oth crimes illustrated [Malone's] propensity to use firearms to avenge himself against someone who he thought had wronged him." *Edwards v. State*, 261 Ga. 509, n. 2 (406 SE2d 79) (1991). "When sufficient basis exists to admit the evidence, dissimilarities such as . . . the precise igniting act do not destroy the basis for admitting evidence as a similar transaction." *Willis*, supra at 480. Thus, the trial court did not err in allowing evidence regarding the similar transaction.

2. Malone also contends that the counts for aggravated battery and aggravated assault were based upon the same facts, and that the two offenses therefore merged. Accordingly, Malone argues, the court erred in sentencing him on both counts.

This enumeration is without merit. The indictment charged Malone with aggravated battery in that he shot McGuire in the leg with a handgun. The indictment further charged Malone with aggravated assault in that he "did make an assault on the person of Carmenthia McGuire with a handgun." There was evidence that, *after* shooting McGuire, Malone held the gun to his head and demanded that McGuire hand over his money. These actions, occur-

ring after the completion of the aggravated battery, constituted a separate crime, for which the jury was authorized to find Malone guilty of aggravated assault. "Although occurring sequentially, one after the other, each of these transactions constituted a separate offense since each was established by proof of different facts. . . . Thus, the evidence in this case does not demonstrate that the aggravated assault and the aggravated battery were based on the same conduct within the contemplation of OCGA § 16-1-7, with the result that the separate convictions for these offenses may stand." (Punctuation omitted.) *Knight v. State*, 190 Ga. App. 87, 88 (2) (378 SE2d 373) (1989). See also *Jones v. State*, 161 Ga. App. 620, 622 (1) (288 SE2d 795) (1982).

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 14, 1997.

Before Judge Castellani.

*William C. Puckett, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Jacqueline S. Hardy, Barbara B. Conroy, Assistant District Attorneys*, for appellee.