A98A0191. BROOKS v. THE STATE.
(498 SE2d 139)

BLACKBURN, Judge.
Brian Brooks appeals his conviction of rape, statutory rape, child molestation, and giving a false name to a police officer. The trial court imposed sentence on the rape and false name charges and held that the remaining charges merged with the rape conviction. Brooks contests the sufficiency of the evidence. He also contends the trial court erred in allowing into evidence similar transaction evidence and evidence of his custodial statements.

1. Brooks contends the trial court erred in allowing evidence of a prior similar transaction. "*Williams v. State*, 261 Ga. 640, 641-642 (2) (409 SE2d 649) [(1991)] provides that before admission of similar transaction evidence, the State must affirmatively show that (1) it is introducing evidence of an independent offense or act for an appropriate purpose, (2) there is sufficient evidence to establish that the accused committed the independent offense or act, and (3) there is sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." *McKibbons v. State*, 226 Ga. App. 452, 454-455 (3) (486 SE2d 679) (1997). A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion. See *Rodriguez v. State*, 211 Ga. App. 256, 259 (4)

(b) (439 SE2d 510) (1993); *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148) (1993).

Brooks contends that the prior transaction was not sufficiently similar to the present charges to warrant admissibility. This contention is without merit. In the present case, the victim testified that she met Brooks on a subway train and gave him her telephone number. A couple of days later, Brooks called her and asked to see her. The next day, she went to his aunt's apartment. They were watching television in the bedroom when Brooks began kissing her on the neck. At some point thereafter, she tried to leave, but he pulled her back to the bed. She noticed a butcher knife on the side of the pillow, which Brooks told her was there for his safety. She started crying and told Brooks to let her go, but he pushed her against the wall and threatened to hit her if she did not shut up. He then threw her on the bed and had forcible intercourse with her.

With respect to the similar transaction, the State presented evidence that Brooks had previously raped his former girl friend. The former girl friend testified that she had met Brooks on a bus, where he had asked for her phone number, and that they dated for a few weeks. About a month after they stopped dating, Brooks came to her house early one morning. He began touching her and refused to stop when she asked him to. She tried to push him away, but he kept fondling her and trying to put his finger in her vagina. When she told him to get off her, he pulled down her pants and raped her. Brooks pled guilty in Maryland to two counts of attempted sexual offense in connection with this incident.

"A similar transaction need not be identical in order to be admissible. The ultimate issue in determining admissibility of similar transaction evidence is not mere similarity but relevance to the issues of the case on trial." (Citation and punctuation omitted.) *Woods v. State*, 224 Ga. App. 52, 55 (3) (479 SE2d 414) (1996). "[W]here forcible sexual assaults are involved, there is at least much sociological evidence to support the conclusion that this type of deviant sexual behavior is a sufficiently isolated abnormality so that proof of the propensity of the defendant to engage in it is at least admissible, and to this extent proof of the one tends to establish the other. Particularly in the area of sexual offenses, the admissibility of similar transaction evidence is liberally construed. Evidence of an earlier assault on a woman is material to the issue of consent or the lack thereof, and has a direct bearing on appellant's bent of mind. Such evidence would tend to [establish] that appellant has a propensity to initiate or continue an encounter without a woman's consent and, in fact, against her explicit request to stop. . . . Such evidence also corroborates the victim's testimony that appellant acted in the manner charged." (Citations and punctuation omitted.) *McBee v.*

*State*, 228 Ga. App. 16, 18-19 (1) (491 SE2d 97) (1997).

Under these circumstances, the trial court did not err in allowing evidence of the prior sexual assault. See *Upshaw v. State*, 215 Ga. App. 529, 530 (2) (451 SE2d 125) (1994).

2. Brooks contends that the evidence was insufficient because, other than the testimony of the victim, there was no evidence that he had sexual intercourse with her. As an initial matter, we note that "corroboration of a victim's testimony is unnecessary to support a rape conviction." *Littleton v. State*, 225 Ga. App. 900, 901 (1) (485 SE2d 230) (1997). Although corroboration is necessary to support a statutory rape conviction, see OCGA § 16-6-3 (a) ("no conviction shall be had for [statutory rape] on the unsupported testimony of the victim"), Brooks was not sentenced on the statutory rape conviction, which merged with the rape conviction.

Moreover, there was ample evidence corroborating the victim's testimony. Shortly after the incident, the victim told her boyfriend what had happened. She then called the police, who took her to the hospital for a medical examination. The physician who examined the victim testified that he discovered sperm indicating recent sexual activity. He further testified that his findings were consistent with the victim's claim of sexual assault. Furthermore, Brooks admitted to police that he had had intercourse with the victim. Viewed in the light most favorable to the verdict, the evidence was sufficient to authorize the jury's finding of Brooks' guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Turner v. State*, 223 Ga. App. 448, 449-450 (2) (477 SE2d 847) (1996); *Legg v. State*, 207 Ga. App. 399 (428 SE2d 87) (1993).

3. Brooks contends the trial court erred in holding that his statement to police admitting he had had sex with the victim was voluntarily given.

At an admissibility hearing under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), Officer Reggie Smith of the DeKalb County Police Department testified that he went to Brooks' apartment the day after the incident. Brooks answered the door and identified himself as "Brian Jones." Smith testified that he informed Brooks of the rape accusation and advised him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). He testified that Brooks appeared to listen carefully and acknowledged that he understood his rights. Brooks then stated that he and the victim had had sexual intercourse, but that he had stopped when the victim asked him to stop.

Smith testified that he asked Brooks to come with him to the police station. At the station, he again advised Brooks of his *Miranda* rights. Brooks signed a form acknowledging his understanding of

these rights, using the name "Brian Jones." Brooks gave a written statement in his own handwriting stating that he had had sex with the victim but had stopped when she asked him to. Brooks signed the statement "Brian Jones." Smith testified that he gave Brooks no hope of benefit in exchange for making his two statements, nor any fear of injury if he did not give a statement.

Brooks testified at the *Jackson-Denno* hearing that Smith did not read him his *Miranda* rights at the apartment. He testified that Smith told him that if he came to the station and gave a statement that he had had sex with the victim, they would let him go. Brooks testified that he gave his statement to the police only because he believed they would then let him go. Smith denied that he had made any such statement to Brooks.

"A trial court's conclusions of fact and credibility following a *Jackson-Denno* hearing are to be accepted unless clearly erroneous. Here, the trial court found that [Brooks] was advised of each of his *Miranda* rights, that he understood them, that he voluntarily waived them, and that he thereafter gave his statement freely and voluntarily without any hope of benefit or fear of injury." (Citations and footnote omitted.) *Yorker v. State*, 266 Ga. 615, 617 (4) (469 SE2d 158) (1996). As these findings were supported by sufficient evidence, the trial court did not err in holding the statements admissible.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 27, 1998.

*Lynch, Spears & Shuman, John H. Tarpley*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Lee A. Mangone, Assistant District Attorneys*, for appellee.