### A03A1756. FACILLE v. THE STATE.

(594 SE2d 680)

MILLER, Judge.

Following a jury trial, Mark Facille was convicted of possession of methamphetamine. He appeals, challenging the sufficiency of the evidence and claiming the court erred in admitting the methamphetamine exhibit over his chain of custody objection. We discern no error and affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

Construed in favor of the verdict, the evidence showed that during a parole search of Facille's apartment, police found three bags of suspected methamphetamine under Facille's bed that he shared with his girlfriend. Facille's monogrammed work shirts were in the room. The girlfriend testified that the drugs were not hers and that after Facille's arrest, he asked her to take responsibility for the drugs since as a first offender she would do less jail time. Facille also told police

---

[10] (Citation omitted.) Id. at 241.

he could have drugs delivered in Georgia. The substance found in Facille's bedroom tested positive for methamphetamine. This evidence sufficed to sustain his conviction for possession of methamphetamine. See *Wilson v. State*, 231 Ga. App. 525, 526-527 (1) (499 SE2d 911) (1998).

Facille argues that no evidence supported a showing that he intended to distribute the drugs. Facille, however, was acquitted of the charge of possession of methamphetamine with intent to distribute. Thus, this argument is moot. See *Scott v. State*, 257 Ga. App. 816-817 (572 SE2d 357) (2002); *Jones v. State*, 213 Ga. App. 11, 12 (1) (444 SE2d 89) (1994).

2. Facille contends that the State did not sufficiently establish the chain of custody and that therefore the court erred in admitting the methamphetamine exhibit over his objection. "In order to show the chain of custody adequate to preserve the identity of fungible evidence, the State has the burden of proving with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." *Mosely v. State*, 217 Ga. App. 507 (1) (458 SE2d 165) (1995). Where there is no evidence refuting the testimony of the unbroken chain of custody, the court does not err in admitting the exhibit. Id. The mere possibility of tampering, substitution, or misidentification goes to the weight of the evidence but does not prevent its admission. *Staples v. State*, 209 Ga. App. 802, 806 (5) (434 SE2d 757) (1993); see *Johnson v. State*, 143 Ga. App. 169, 170 (1) (237 SE2d 681) (1977).

The evidence here showed that from crime scene to crime lab to the courtroom, each person who had touched the methamphetamine bags testified in court and identified the bags. The police evidence custodian testified that only she, her supervisor, and the janitor had keys to the storage box in which the bags were stored pending trial, and that the records did not indicate that the other keyholders had touched the bags. Not only did Facille present no evidence of tampering, but the officer who took possession of the drugs from the apartment affirmatively testified that the bags were in the same condition at trial as they were on the night that he found them. The evidence supported the court's ruling to admit the methamphetamine. See *Edwards v. State*, 219 Ga. App. 239, 247 (9) (464 SE2d 851) (1995).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 5, 2004.

*William L. Jones*, for appellant.

*Peter J. Skandalakis, District Attorney, Charles P. Boring, Nigel R. Lush, Assistant District Attorneys*, for appellee.