## A05A0091. HAMPTON v. THE STATE.
### (612 SE2d 96)

MIKELL, Judge.

After a jury trial, James Hampton, Jr., was convicted of aggravated assault. On appeal, Hampton challenges the sufficiency of the evidence and argues that the trial court erred when it admitted his prior conviction for aggravated assault as similar transaction evidence. We affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.[1]

So viewed, the evidence shows that at approximately 2:00 a.m. on

---

[1] (Punctuation and footnote omitted.) *Harrell v. State*, 253 Ga. App. 691 (560 SE2d 295) (2002).

June 29, 2003, Jonathan Booker and the defendant were at a gathering at someone's home when the defendant walked up to Booker and hit him in the head. A fight ensued, and Booker was on top of the defendant when someone broke up the fight. Booker testified that after he exited the house, someone told him that he had been stabbed. The defendant approached Booker from behind once they were outside and tried to stab him again, whereupon they began to fight again. Booker collapsed while walking away from the house. He was taken to the hospital and learned that the stabbing caused his lung to collapse.

Tonya Milton testified that she was sitting at a card table with Booker, whom she referred to as "Junior," when Hampton pushed Booker's head. Milton exited the house, but she could see Booker and Hampton fighting through the screen door. Milton testified that when "Junior" was sitting on top of the defendant, she saw Hampton stab "Junior" on his left side with a sharp object. Milton also testified that she thought the defendant stabbed Booker a second time, but she did not see that incident.

Fran Fortson, the nurse in the emergency room at the hospital where Booker was taken, testified that Booker sustained a pneumothorax to his left chest; that he was transferred to another hospital because of the stab wound; and that Booker's injury was potentially life-threatening.

1. Hampton argues that the verdict is not supported by the evidence. We disagree.

A person commits the offense of aggravated assault when he assaults with a deadly weapon, which when used offensively against a person, is likely to or actually does result in serious bodily injury.[2] Both Booker and Milton testified that Hampton stabbed Booker. Nurse Fortson testified that Booker's injury was serious. "The testimony of a single witness is generally sufficient to establish a fact."[3] Here, the record contains testimony from the victim and an eyewitness. Therefore, the jury was authorized to find Hampton guilty beyond a reasonable doubt of aggravated assault.

2. Hampton contends that his conviction should be reversed because the trial court erroneously admitted his 1995 guilty plea to aggravated assault as similar transaction evidence. We disagree.

The record indicates that before the trial court allowed the state to introduce evidence regarding the prior offenses, it held a pretrial hearing in accordance with Uniform Superior Court Rule 31.3 (B). At the hearing, the state introduced a certified copy of a guilty plea to

---

[2] See OCGA § 16-5-21 (a) (2).
[3] OCGA § 24-4-8.

aggravated assault that Hampton entered on October 30, 1995. The state maintained that the previous conviction was being offered to show Hampton's bent of mind and course of conduct in that he is prone to violent outbursts, frequently initiates fights, and then stabs his victims at the conclusion of those fights. The victim of that offense, Andrew Mendrix, testified in accordance with the state's proffer that he and a friend were sitting in his car late one evening when Hampton walked up and slapped him in the head, walked away, then returned and slapped him again; that he began to approach Hampton but returned to his car after Hampton pulled out a knife; and that Hampton ran to the car, reached through the window, and stabbed him in the arm. Mendrix identified Hampton in court as the man who stabbed him.

"A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion."[4] Since the state made the three affirmative showings required by *Williams v. State*[5] to introduce the similar transaction, we find that the trial court did not abuse its discretion.

The state must first show that it seeks to introduce the evidence "for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct, and bent of mind."[6] Here, the prosecution stated that by introducing Hampton's prior offense, it sought to show his motive, bent of mind and course of conduct. "It is permissible for the State to introduce a similar crime precisely to show that the accused has a propensity for initiating and continuing unprovoked violent encounters. This falls into the category of showing malice, intent, motive, course of conduct, and bent of mind."[7]

Next, the state must affirmatively show that the accused committed the independent act.[8] In the instant case, the victim of the independent act identified the defendant in the courtroom. Finally, the state must affirmatively show that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[9] In the instant case and in the similar transaction, Hampton initiated a fight by hitting the victims in the head, then stabbing them with a knife-like object at the conclusion of the altercations, which showed

---

[4] (Citations omitted.) *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

[5] 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[6] (Citation and footnote omitted.) *Davis v. State*, 244 Ga. App. 708, 711 (3) (536 SE2d 596) (2000).

[7] *Sidwell v. State*, 269 Ga. App. 38, 39 (1) (603 SE2d 467) (2004).

[8] *Davis*, supra.

[9] Id.

his propensity to initiate and continue unprovoked violent encounters.[10] All three prongs of the *Williams* inquiry having been satisfied, we find no error in the admission of the similar transaction evidence in this case.

Hampton argues that when the prosecution referred to him as "big and bad" and attempted to show Mendrix's scar during the presentation of the similar transaction evidence, it improperly introduced evidence of his character. Hampton cites no authority in support of this proposition. Nonetheless, the record shows that Mendrix testified that he told Hampton "put the knife down, what you need the knife for; you know you're big and bad." Hampton did not object to the statement. "Pretermitting whether [Mendrix's] testimony put [Hampton's] character in issue, [Hampton] waived any error by failing to object to its admission on this basis."[11] Moreover, "[t]he fact that the [similar transaction] evidence might incidentally place appellant's character in evidence does not [necessarily] destroy its admissibility."[12] Thus, Hampton's argument fails.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 17, 2005.

*Harold W. Wallace III*, for appellant.

*Dennis C. Sanders, District Attorney, William P. Doupé, Sarah M. Peacock, Assistant District Attorneys*, for appellee.

---

[10] *Sidwell*, supra. See generally *Malone v. State*, 226 Ga. App. 185, 186 (1) (486 SE2d 57) (1997) (similar transaction evidence admitted that showed the defendant's temper and his propensity to handle disagreements violently).

[11] (Footnote omitted.) *Espy v. State*, 246 Ga. App. 1-2 (1) (539 SE2d 513) (2000).

[12] *Willis v. State*, 214 Ga. App. 479, 480 (3) (b) (448 SE2d 223) (1994).