## A05A1397. LEDFORD v. THE STATE.
### (620 SE2d 187)

ELLINGTON, Judge.

A Cherokee County jury convicted Harold Ledford of aggravated assault, OCGA § 16-5-21 (a) (2); possession of a knife during the commission of a crime, OCGA § 16-11-106 (b) (1); and misdemeanor possession of marijuana, OCGA § 16-13-30. He appeals from the denial of his motion for new trial, contending the trial court abused its discretion in admitting evidence of a similar transaction. Because we find the evidence was properly admitted, we affirm Ledford's conviction.

The record shows the following relevant facts. On December 2, 2001, the victim was visiting his ex-wife when he saw a truck driven by Ledford hit his ex-wife's mailbox. Ledford did not stop, but continued driving down the road. The victim got into his truck and drove down the road looking for Ledford. He soon found Ledford, standing beside the truck that had hit the mailbox. The victim approached Ledford, confirmed that Ledford had just been driving the truck down the road, and said that he had seen Ledford run over the mailbox. The victim then asked Ledford to replace the mailbox and post. When Ledford refused, the victim walked away and said that he would let the police take care of the matter. An argument ensued between the victim, Ledford, and a third person sitting in Ledford's truck. During the argument, Ledford suddenly grabbed the victim's face and said, "You're not leaving this yard until I cut your f___ing throat." As the victim shoved Ledford backward, Ledford made three swiping movements toward him with the knife. The victim was able to move out of the way. Then, after the victim talked with Ledford and the third person for a few moments, Ledford realized that he knew the victim and apologized for "pull[ing] a knife"

on him. Ledford even offered to give the knife to the victim, but the victim declined. The victim went home and called the police.

After speaking with the victim, two officers went to the house where Ledford had threatened the victim. The officers found Ledford hiding in the woods behind the house. When an officer asked Ledford if he had threatened a man with a knife, Ledford told him, "No, I pulled out a hammer." The officer arrested Ledford for making terroristic threats. While patting down Ledford, an officer found three pocketknives in Ledford's pockets.

A police investigator interviewed Ledford while he was in custody, and the State played the audiotape of the interview for the jury at trial. During the interview, Ledford told the investigator that the altercation arose because he owed the victim $400 on a drug debt and was not able to pay him. Ledford said that he was very drunk and did not remember if he pulled a knife during the altercation. He said he could have done it because it sounded like something he might have done, and he admitted that he was on probation for an aggravated assault with a knife. Ledford also told the investigator that he always carried three pocketknives with him and that, "nine times out of ten," when he pulled a knife on someone, he cut them with it.

On appeal, Ledford contends the trial court erred in finding that similar transaction evidence was sufficiently similar and logically connected to the crime charged, arguing the evidence was irrelevant to any issue before the jury. This argument lacks merit.

> [B]efore admission of similar transaction evidence, the State must affirmatively show that (1) it is introducing evidence of an independent offense or act for an appropriate purpose, (2) there is sufficient evidence to establish that the accused committed the independent offense or act, and (3) there is sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion.

(Citations and punctuation omitted.) *Brooks v. State,* 230 Ga. App. 846, 846-847 (1) (498 SE2d 139) (1998).

The record shows that, prior to trial, the State filed a notice of its intent to introduce evidence of a similar transaction. The court conducted a hearing, during which the State showed that, in 1993, Ledford stabbed an acquaintance with a pocketknife, puncturing the

man's lung.[1] Ledford pled guilty to aggravated assault and was still on probation when he committed the aggravated assault in this case. The State argued that the prior conviction was admissible to show Ledford's bent of mind, intent, and course of conduct. In finding that the similar transaction evidence was admissible for these purposes, the trial court noted that Ledford's intent when he brandished the knife was a necessary issue that had to be proven at trial. According to the court, Ledford

> could have pulled a knife to clean his nails. He could have pulled a knife to get dirt off of his boot. He could have done any number of things. And one of the things the State has to prove is an intent to scare, an intent to threaten, and to do so without justification. That's what we're talking about and that's a necessary issue that has to be proven — a legitimate purpose for the evidence to be admitted.

We agree with the trial court's finding that evidence that Ledford had previously used a pocketknife to stab someone in anger, suddenly, unexpectedly, and without provocation, was relevant to whether Ledford intended to threaten or harm the victim when he brandished the knife in the instant case. "It is permissible for the State to introduce a similar crime precisely to show that the accused has a propensity for initiating and continuing unprovoked violent encounters. This falls into the category of showing malice, intent, motive, course of conduct, and bent of mind." (Punctuation and footnote omitted.) *Hampton v. State*, 272 Ga. App. 273, 275 (2) (612 SE2d 96) (2005). Further, a "similar transaction need not be identical in order to be admissible. The ultimate issue in determining admissibility of similar transaction evidence is not mere similarity but relevance to the issues of the case on trial." (Citation and punctuation omitted.) *Brooks v. State*, 230 Ga. App. at 847 (1). There was no error.

Ledford also complains the similar transaction evidence was more prejudicial than probative because the incident occurred eight years before the current assault. It does not appear that Ledford raised this objection at trial and, on appeal, he does not give any reason why the evidence was prejudicial simply because of the passage of eight years. Even so,

---

[1] The victim in the similar transaction testified at trial, telling the jury that he went camping with Ledford in May 1993. The men had been drinking and were in a boat traveling to their campsite when the boat suddenly capsized and sank. Ledford reached the shore before the victim. When the victim climbed out of the water, Ledford approached him and, without provocation, abruptly stabbed him in the chest.

[m]ere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. Rather, lapse of time is a factor to be taken into consideration when balancing the probative value of the evidence against its potentially prejudicial impact.

(Citations, punctuation and emphasis omitted.) *Childs v. State*, 202 Ga. App. 488, 489 (1) (414 SE2d 714) (1992) (similar transaction evidence was relevant to the defendant's state of mind and course of conduct, and its probative value outweighed any prejudice arising from the fact that it occurred three years before the crime charged). In this case, the trial court found that, given the similar transaction's relevance to a necessary element of the crime, the evidence was more probative than prejudicial. The court instructed the jury to consider the evidence only as to Ledford's state of mind and intent. Further, there was overwhelming direct and circumstantial evidence of Ledford's guilt, including admissions in his own custodial statement. Under the circumstances, we find the trial court did not err in finding the evidence was more probative than prejudicial. See *Hampton v. State*, 272 Ga. App. at 275 (2) (relevant similar transaction evidence was admissible even though eight years had passed between incidents).

Accordingly, the trial court did not abuse its discretion in admitting the similar transaction evidence.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 12, 2005.

*Stacy D. Barnett*, for appellant.
*Garry T. Moss, District Attorney, Allen D. Morris, Assistant District Attorney*, for appellee.