## A06A1323. DUNCAN v. THE STATE.
(635 SE2d 875)

JOHNSON, Presiding Judge.

Hubert Lee Duncan was tried before a jury and convicted of serious injury by vehicle,[1] driving under the influence of methamphetamine[2] and endangering a child by driving under the influence.[3] He appeals, challenging the sufficiency of the evidence and the denial of his motion for a mistrial after it became known that a juror was a friend of, and had contact with, a state witness. The challenges are without merit, and we thus affirm Duncan's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[4] We do not weigh the evidence or assess the credibility of witnesses, but determine only if a rational trier of fact could have found the accused guilty of the crimes charged beyond a reasonable doubt.[5]

Viewed in favor of the verdict, the evidence in the instant case shows that on April 14, 2004, Duncan was driving his Ford pickup truck with his four-year-old son as a passenger in the cab of the truck. As Duncan approached an intersection where the drivers in front of him were slowing down for a red traffic light, he slammed into the back of a smaller truck, forcing it into another vehicle and then into a ditch. As a result of the collision, the driver of the other truck was paralyzed from the neck down.

After the collision, Duncan was behaving erratically, and two law enforcement officers at the scene believed that he was under the influence of some type of drug. Duncan was transported to a hospital where samples of his blood and urine were taken. The samples were then sent to the Georgia Bureau of Investigation crime laboratory, and the urine sample tested positive for methamphetamine.

Having reviewed all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Duncan is guilty of driving under the influence of methamphetamine, serious injury by vehicle and endangering a child by driving under the influence.[6]

2. On the third day of the trial, the parties learned that one of the jurors had spoken to a police officer who was going to testify for the

---

[1] OCGA § 40-6-394.

[2] OCGA § 40-6-391 (a) (6).

[3] OCGA § 40-6-391 (l).

[4] *Taylor v. State*, 278 Ga. App. 181 (1) (628 SE2d 611) (2006).

[5] *Lanwehr v. State*, 265 Ga. App. 359, 360 (1) (593 SE2d 897) (2004).

[6] See, e.g., *Fluellen v. State*, 264 Ga. App. 19, 23 (5) (589 SE2d 847) (2003); *Adams v. State*, 259 Ga. App. 570, 571 (1) (578 SE2d 207) (2003).

state. The juror testified that he and the officer are friends, but neither of them knew that the other was involved with the instant case. The night before, the officer called the juror and they spoke briefly about the recent wedding of the juror's daughter. The officer then asked the juror what he was working on that week, and the juror replied that he was on jury duty. At that point, the officer realized that he was scheduled to be a witness in the same case that the juror was on, so they immediately terminated the conversation without discussing the case.

Based on the conversation, Duncan moved for a mistrial. The trial court denied the motion, but excused the juror and replaced him with an alternate juror. Because Duncan was not prejudiced by the juror's conduct, we find no error in the trial court's denial of a mistrial.

> When irregular juror conduct is shown, there is a presumption of prejudice to the defendant, and the prosecution carries the burden of establishing beyond a reasonable doubt that no harm occurred. However, in order for juror misconduct to upset a jury verdict, it must have been so prejudicial that the verdict is deemed inherently lacking in due process. Furthermore, where the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant.[7]

In the instant case, the substance of the communication between the juror and the officer is not in dispute. The communication was innocent in that both the juror and officer had no knowledge that they were both involved with the same case, they never discussed the case, and once they discovered that they were both involved with the case they immediately ended their conversation. Those uncontradicted facts establish that Duncan suffered no harm or prejudice from the juror's conduct.

"The decision to grant a mistrial or remove a juror lies within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of that discretion."[8] Under the circumstances of this case, the trial court did not abuse its discretion in denying Duncan's motion for a mistrial.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[7] (Punctuation and footnotes omitted.) *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997).

[8] (Citations and footnotes omitted.) *Wilkins v. State*, 261 Ga. App. 856, 857 (1) (583 SE2d 905) (2003).

DECIDED AUGUST 24, 2006.

*Jerry W. Moncus, Bentley C. Adams III,* for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney,* for appellee.