A07A0536. MACK v. THE STATE.
(641 SE2d 194)

BLACKBURN, Presiding Judge.

Following a jury trial, Larry Joe Mack appeals his conviction on two counts of aggravated assault, one count of possession of a firearm by a convicted felon during the commission of a crime, one count of eluding an officer, and one count of having open containers of alcohol in a vehicle. He argues that (i) no evidence showed venue as to the eluding and open container counts (and as to a DUI count of which he was acquitted), (ii) the court erred in admitting evidence of a prior offense that was dissimilar, and (iii) the two aggravated assault counts should have merged. We hold that some evidence showed venue and that the court did not clearly err in finding the prior offense sufficiently similar. However, as conceded by the State, the two aggravated assault counts should have merged, and we therefore vacate the sentences on these two counts and remand for resentencing on the surviving count.

On appeal, we view the evidence in the light most favorable to the jury's verdict. *Short v. State*.[1] So viewed, the evidence shows that Mack lived with his girlfriend at a residence in Stephens County. On September 26, 2003, Mack and his girlfriend had an argument at the residence after she accused him of having a sexual relationship with another female. Striking his girlfriend in the head and face, Mack then pulled a handgun and pointed it at her head, exclaiming "Die, B----!" He then lowered the gun's aim and shot her in the leg. Mack left in her car, and the girlfriend called the police.

Mack returned to the residence shortly thereafter; however, when he heard the sirens of the police vehicles approaching, he started to leave in the girlfriend's car again. With their blue lights and sirens activated, the police saw Mack backing out of the residence's driveway, and the police gave chase. Mack eluded the police for a short period until he wrecked his vehicle and was arrested. The police found the gun and some open beer containers in the vehicle. In speaking with the police, Mack admitted shooting the girlfriend but claimed it was accidental.

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Mack was indicted on two counts of aggravated assault against the girlfriend (pointing the gun at her head and shooting her in the leg),[2] one count of possession of a firearm by a convicted felon during the commission of a crime,[3] one count of possession of a firearm by a convicted felon,[4] one count of eluding an officer,[5] one count of driving while license suspended,[6] one count of having open containers of alcohol in a vehicle,[7] and one count of DUI.[8] The court directed a verdict on the suspended license count. Acquitting him of the DUI count, a jury found him guilty on the remaining counts, and the court merged the two firearm possession counts during sentencing. Following the denial of his motion for new trial, Mack appeals.

1. Mack first claims that no evidence showed that the eluding an officer, open container, and DUI offenses took place in Stephens County, where he was tried. Mack is correct that the Georgia Constitution requires that a criminal defendant must be tried in the county in which the crime was allegedly committed, and that the State must prove venue beyond a reasonable doubt. *Jones v. State.*[9] But Mack is incorrect that the State presented no evidence of venue on the eluding an officer and open container crimes.[10]

Here, two witnesses testified that the residence of Mack and his girlfriend was in Stephens County. While at that residence, Mack tried to escape once he heard and saw the police approaching. Two officers testified that with their blue lights and sirens activated on their marked patrol vehicles while they were in uniform, they saw Mack back out of that residence in an effort to elude them. At the end of the short chase, they found open beer containers in the vehicle.

Thus, evidence showed that the eluding of the officers began in Stephens County. Even though the chase may have ended in another county, the offense of eluding the officers was complete at the moment Mack refused at the residence to stop his vehicle despite the visual and audible signals to bring the vehicle to a stop, and thus the continuation of the chase into possibly another county did not destroy

---

[2] OCGA § 16-5-21 (a) (2).

[3] OCGA § 16-11-133 (b) (1).

[4] OCGA § 16-11-131 (b).

[5] OCGA § 40-6-395 (a).

[6] OCGA § 40-5-20 (a).

[7] OCGA § 40-6-253 (b) (1) (B).

[8] OCGA § 40-6-391 (a) (1).

[9] *Jones v. State,* 272 Ga. 900, 901 (2) (537 SE2d 80) (2000).

[10] We do not address the DUI offense, as Mack was acquitted of this offense, which renders any challenge to the sufficiency of the evidence on this crime moot. See *Facille v. State,* 265 Ga. App. 443, 444 (1) (594 SE2d 680) (2004).

venue. See *Ryan v. State*;[11] *Ward v. State*.[12] See also *Mullady v. State*[13] (though defendant was not pulled over until in Fulton County, police saw defendant speeding in DeKalb County; venue in DeKalb County was properly shown).

With regard to the open container crime, police had Mack in their sights from the time he left the Stephens County residence until he shortly thereafter wrecked. They found the open beer containers in the vehicle at the wreck scene. Even though this wreck scene may have been in a different county, the evidence gathered at the scene was sufficient to support the inference that the open beer containers were in the vehicle when Mack was observed driving the vehicle moments earlier in Stephens County. See *Page v. State*.[14] See also *Ryan*, supra, 277 Ga. App. at 494 (4) (drugs found in vehicle when stopped in second county allowed jury to conclude drugs were in vehicle when chase began in first county).

2. To disprove Mack's claim of accident and to show intent and course of conduct, the State introduced evidence of a prior offense in which Mack had been accused of having an affair with a woman and, when confronted by the woman's husband who followed Mack in a vehicle, Mack responded by firing a gun five or six times into the husband's vehicle while the husband was in the vehicle. Mack contends that this transaction was not sufficiently similar to be admissible under *Williams v. State*.[15]

"All that is required is that the incidents are sufficiently similar so that proof of the earlier event helps prove an element of the later crime." (Punctuation omitted.) *Sims v. State*.[16] We will not disturb a trial court's finding of similarity unless it is clearly erroneous. *Oliver v. State*.[17]

Here, the State sought to introduce this evidence to show Mack's course of conduct and intent and to counteract Mack's claim that he accidentally shot his girlfriend; indeed, in the prior transaction in which he was also accused of an illicit sexual relationship with a female, Mack's reaction was to shoot intentionally at the unarmed accuser with a gun. This propensity of Mack to respond to accusations of philandering by shooting at the unarmed accuser made less credible his defense in this case that he accidentally shot his accusing,

---

[11] *Ryan v. State*, 277 Ga. App. 490, 494 (4) (627 SE2d 128) (2006).

[12] *Ward v. State*, 270 Ga. App. 427, 428 (606 SE2d 877) (2004).

[13] *Mullady v. State*, 270 Ga. App. 444, 448 (3) (606 SE2d 645) (2004).

[14] *Page v. State*, 250 Ga. App. 795, 796 (553 SE2d 176) (2001).

[15] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[16] *Sims v. State*, 275 Ga. App. 836, 838 (2) (621 SE2d 869) (2005).

[17] *Oliver v. State*, 276 Ga. 665, 667 (3) (581 SE2d 538) (2003).

unarmed girlfriend. See *Cotton v. State*[18] ("[t]he prior assault evidence showed that, where interference with his relationship with women was concerned, [defendant] had a propensity to initiate a confrontation with an unarmed male victim and then to escalate the argument by drawing and firing a weapon without provocation"); *Rittenhouse v. State*[19] (prior offenses showed defendant would severely attack others over a woman); *Ledford v. State*[20] (" '[i]t is permissible for the State to introduce a similar crime precisely to show that the accused has a propensity for initiating and continuing unprovoked violent encounters' "). Disproving a defense of accident and showing intent are certainly appropriate purposes for introducing a similar transaction. See *Smith v. State*.[21]

Accordingly, we hold that the trial court did not clearly err in finding the prior transaction was sufficiently similar to the aggravated assault at issue such that proof of the prior offense helped prove an element of the aggravated assault at issue here.

3. Mack argues that the court erred in denying his post-verdict motion to merge the two aggravated assault counts. He notes that the first aggravated assault count alleged that Mack shot his girlfriend with a gun, and the second count alleged that he pointed the gun at the girlfriend.

As acknowledged by the State, there was no "ensuing interval" between the first act of pointing the gun at the girlfriend's head and the subsequent act of lowering the gun's aim and shooting the girlfriend in the leg. Compare *Lowe v. State*[22] (ensuing interval between first shot which wounded the victim and second fatal shot which took place only after the defendant then walked around a vehicle and took deliberate aim at the wounded and pleading victim; crimes of aggravated assault and murder did not merge). Rather, the shooting here followed in quick succession the pointing of the gun at the girlfriend's head. See *Montes v. State*[23] (acts taken in quick succession are part of the same assault). Accordingly, the court erred in not merging the second aggravated assault count of pointing the gun at the girlfriend into the first count of shooting the girlfriend. See

---

[18] *Cotton v. State*, 279 Ga. 358, 359 (2) (613 SE2d 628) (2005).

[19] *Rittenhouse v. State*, 272 Ga. 78, 80 (4) (526 SE2d 342) (2000).

[20] *Ledford v. State*, 275 Ga. App. 107, 109 (620 SE2d 187) (2005).

[21] *Smith v. State*, 232 Ga. App. 290, 296 (1) (501 SE2d 523) (1998).

[22] *Lowe v. State*, 267 Ga. 410, 412 (1) (b) (478 SE2d 762) (1996).

[23] *Montes v. State*, 262 Ga. 473, 474-475 (1) (421 SE2d 710) (1992).

*Smith v. State.*[24] See also *Ingram v. State*[25] (assaults committed as part of continuous criminal act, with no deliberate interval between assaults, must merge).

Therefore, we vacate Mack's sentences on the two aggravated assault offenses and remand the case to the trial court to merge the second count into the first count and to resentence Mack on the first count. Cf. *Hill v. State.*[26] The other convictions are affirmed.

*Judgment affirmed. Sentences on Counts 1 and 2 vacated, and case remanded for resentencing on Count 1. Ruffin and Bernes, JJ., concur.*

DECIDED JANUARY 4, 2007.

*Mary Erickson*, for appellant.
*Michael H. Crawford, District Attorney, Richard K. Bridgeman, Assistant District Attorney*, for appellee.

[24] *Smith v. State*, 279 Ga. App. 211, 212-213 (1) (630 SE2d 833) (2006).
[25] *Ingram v. State*, 279 Ga. 132, 133-134 (2) (610 SE2d 21) (2005).
[26] *Hill v. State*, 257 Ga. App. 82, 85 (2) (570 SE2d 395) (2002).