**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**September 15, 2020**

# In the Court of Appeals of Georgia

A20A1428. COOKE v. THE STATE.

MARKLE, Judge.

Following a jury trial, Tai Ming Cooke was convicted of armed robbery (OCGA § 16-8-41), criminal attempt to commit armed robbery (OCGA §§ 16-4-1; 16-8-41), aggravated assault (OCGA § 16-5-21 (July 1, 2006)), and two counts of possession of a firearm during commission of a crime (OCGA § 16-11-106). He now appeals, contending that the trial court erred by denying his motion for new trial because (1) he was unfairly prejudiced due to juror misconduct; (2) the trial court abused its discretion by admitting evidence of alleged similar transactions; and (3) the evidence was insufficient to support his convictions. For the reasons that follow, we affirm.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that, on January 14, 2010, the victim, M. D., was with a friend outside an apartment complex in Richmond County, when he was approached by two masked men, both holding handguns and demanding money. M. D.'s friend threw his money on the ground and ran towards the apartment attempting to escape. Both assailants began shooting. Although M. D.'s friend escaped unharmed, M. D. was shot four times. M. D. recognized one of the individuals as the co-defendant, Kymell Pak, and provided his name to police.

About a week after that robbery, on January 22, Cooke and another individual, Rodriguez Brown, confronted S. H. with a gun, asking if he knew anything about a book bag Cooke had hidden in an abandoned house near S. H.'s home. When S. H. denied knowing anything about the bag, Cooke struck him in the jaw and threatened him with the gun. Cooke fired the gun once, but then the gun jammed and S. H. was able to escape and call the police. Cooke was apprehended and arrested along with Brown. S. H. testified that, a few days before the January 22 incident, Cooke admitted

to him that he participated in a robbery, which S. H. inferred was the January 14 robbery of M. D.[1]

When Cooke was arrested following the altercation with S. H., he was carrying a back pack containing ammunition. Police also retrieved a gun that Brown had thrown into the bushes. Police were able to link that gun to the January 14 robbery.

Cooke did not testify at trial, and he was convicted on the above counts. Cooke filed a motion for new trial, which the trial court denied following a hearing. Cooke now appeals.

1. Cooke first argues that the trial court erred in denying his motion for new trial because a juror admitted to improper communications during deliberations, which aided her in reaching a verdict. We discern no error.

> When irregular juror conduct is shown, there is a presumption of prejudice to the defendant, and the prosecution carries the burden of establishing beyond a reasonable doubt that no harm occurred. However, in order for juror misconduct to upset a jury verdict, it must have been so prejudicial that the verdict is deemed 'inherently lacking in due process.' Furthermore, when the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant.

---

[1] The trial court gave the jury appropriate limiting instructions.

(Citations and punctuation omitted.) *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997); see also *Duncan v. State*, 281 Ga. App. 270, 271 (2) (635 SE2d 875) (2006).

In its preliminary instructions, the trial court admonished the potential jurors not to conduct research outside the confines of the court and not to discuss the case with anyone prior to deliberating. The trial court restated this instruction during the trial proceedings. During the motion for new trial hearing, a juror admitted that, during the trial but before deliberations, she phoned her ex-boyfriend, a Florida police officer, and asked him general questions regarding ballistics evidence. She further testified that he provided her with "a rough, roundabout answer," but that it did not influence her decision. She further testified she did not share this information with the other jurors, and the other jurors confirmed that this information was not shared with them.

In this case, there is no contradiction in the communications made by the juror. See *Holcomb*, 268 Ga. at 103 (2); *Duncan*, 281 Ga. App. at 271 (2). The communications, although in violation of the trial court's instruction not to discuss the case, did not involve deliberation before the close of evidence, nor did the juror attempt to persuade other jurors on any issue in the case. *Holcomb*, 268 Ga. at 103

4

(2). Therefore, we conclude that "the juror's actions, while improper, were not so prejudicial as to have contributed to the conviction, and were harmless beyond a reasonable doubt." Id.; compare *Hammock v. State*, 277 Ga. 612, 613-614 (2) (592 SE2d 415) (2004) (juror's misconduct in gathering extra-judicial information regarding ballistics evidence and relaying it to other jurors required reversal). Thus, Cooke's argument fails.

2. Cooke next argues that the trial court erred in admitting alleged similar transaction evidence that was dissimilar to the crime charged and which impermissibly placed his character in issue. We disagree.

"A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion." (Citation omitted.) *Hampton v. State*, 272 Ga. App. 273, 275 (2) (612 SE2d 96) (2005).

At the start of trial, the trial court held a hearing concerning similar transaction evidence, involving Cooke and S. H., which the State proffered to show Cooke's bent of mind and course of conduct. The trial court admitted the evidence for these purposes, but noted that the evidence would likely be presented to the jury to explain how the firearm used in the charged crime was retrieved, rather than as a similar transaction. During the trial, the trial court twice gave the jury a limiting instruction

5

to consider the evidence only for the purpose of showing bent of mind and course of conduct.[2]

In its order denying the motion for new trial, however, the trial court ruled this evidence was inaccurately described as similar transaction evidence and that, upon review of the transcript, this evidence was more accurately described as "part of the res gestae" or intrinsic evidence; "that is, evidence which is inextricably intertwined with a series of transactions, events, and circumstances which surround the charged offenses." The trial court thus found that the evidence was properly admitted because it was necessary for the prosecution to explain the story surrounding the charged offense. We conclude the trial court properly admitted this evidence as a similar transaction.

Under the former rules of evidence, before the trial court may admit similar transaction evidence, the State must show that:

> (1) it seeks to introduce the evidence not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) there is sufficient evidence to establish that the

---

[2] Although Cooke relies on OCGA § 24-4-404 (a) under the new Evidence Code, because Cooke was tried in May 2012, the former rules of evidence apply. See *Kirkland v. State*, 334 Ga. App. 26, 28 (1), n. 2 (778 SE2d 42) (2015).

6

accused committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Citations and punctuation omitted.) *Matthews v. State*, 294 Ga. 50, 52 (3) (751 SE2d 78) (2013). Cooke challenges the degree to which the incident involving S. H. was similar to the crime charged.[3] As we have explained,

> the degree of similarity which the state must prove depends in part upon the purpose for which the evidence is introduced, . . . [I]t is permissible for the State to introduce a similar crime precisely to show that the accused has a propensity for initiating and continuing unprovoked violent encounters. This falls into the category of showing . . . course of conduct, and bent of mind. Thus, a prior unprovoked use of a gun as a threat may show the accused's temper and his propensity to [use] a gun, and particularly to act violently and impulsively . . . . [and] [W]hen similar transaction evidence is being introduced to prove . . . bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity. Similar transaction evidence can be introduced to prove bent of mind when there exists some logical connection between the similar transaction evidence and the charged offenses so that the similar transaction evidence tends to establish the charged offenses.

---

[3] Cooke does not challenge the purpose for which the evidence is offered, or that he committed the January 22 offense.

7

(Citations and punctuation omitted.) *Sidwell v. State*, 269 Ga. App. 38, 39-40 (1) (603 SE2d 467) (2004); see also *Malone v. State*, 226 Ga. App. 185, 185-186 (1) (486 SE2d 57) (1997); *Hampton v. State*, 272 Ga. App. 273, 275 (2) (612 SE2d 96) (2005). Here, the State proffered this evidence to show Cooke's bent of mind and course of conduct. The charged crime and the offense between Cooke and S. H. both involved Cooke's use of a handgun to threaten the victim into giving Cooke what he demanded, and both times he fired the weapon at the victim. This showed Cooke's propensity to use a handgun in an intimidating manner.[4] As such, the trial court did not abuse its discretion in admitting S. H.'s testimony as similar transaction evidence.

3. Finally, Cooke argues that the evidence was insufficient to support his convictions. We are not persuaded.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent. Thus, in evaluating the sufficiency of the evidence, we do not assess witness credibility or weigh the evidence, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. And the verdict will be upheld so long as there is some competent

---

[4] Although the trial court allowed this evidence under a different rationale, we will affirm a judgment that is right for any reason. See *Albright v. State*, 354 Ga. App. 538, 549 (4), n. 8 (841 SE2d 171) (2020).

evidence, even though contradicted, to support each fact necessary to make out the State's case.

(Citations and punctuation omitted.) *Johnson v. State*, 351 Ga. App. 690, 692 (832 SE2d 676) (2019). With these principles in mind, we turn to the specific charges against Cooke.

Cooke makes no specific argument regarding his convictions, he cites to no authority in support thereof, nor does he make any specific references to the record or transcript. Thus, he has abandoned any argument as to these convictions. Court of Appeals Rule 25 (c) (2); see also *Gunn v. State*, 342 Ga. App. 615, 623-624 (3) (804 SE2d 118) (2017) ("mere conclusory statements are not the type of meaningful argument contemplated by our rules"). Nevertheless, we conclude that the evidence recounted above was sufficient to support his convictions. See OCGA §§ 16-8-41; 16-4-1; 16-5-21 (2011); 16-11-106.

Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he . . . takes property of another from the person or the immediate presence of another by use of an offensive weapon[.]" And, "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the

commission of that crime." OCGA § 16-4-1. The indictment charged Cooke with taking money from M. D.'s friend by use of a handgun, and with demanding money from M. D. while brandishing a handgun.

A person commits the offense of aggravated assault when he assaults another person, with the intent to rob and with a deadly weapon.[5] See OCGA § 16-5-21 (a) (July 1, 2006). The indictment charged that Cooke assaulted M. D. by shooting him with a handgun.

Finally, Cooke was charged with two counts of possession of a firearm during commission of each aforementioned felony. A person commits such crime when he has on or within arm's reach of his person a firearm during the commission of any crime involving the person of another, and which crime is a felony. OCGA § 16-11-106 (b) (1).

Here, the evidence, as summarized above, was more than sufficient for the jury to find Cooke guilty of the charged offenses. The evidence showed that Cooke approached M. D. with a handgun, pointed it at him while demanding money, and ultimately shot the victim. Moreover, the evidence showed that police were able to

---

[5] A gun is a deadly weapon as a matter of law. See *State v. Nejad*, 286 Ga. 695, 700 (2) (690 SE2d 846) (2010).

connect Cooke to the charged crime based on the shell casings collected and compared to the gun retrieved during the subsequent crime. See *Watkins v. State*, 259 Ga. 648 (1) (386 SE2d 132) (1989) (evidence sufficient where gun found in appellant's car was matched to shell casings found at the crime scene and bullet recovered from victim). As such, there was sufficient evidence from which the jury could find the essential elements of the offenses charged and conclude that Cooke committed the charged crimes. *Johnson*, 351 Ga. App. at 692.

To the extent Cooke argues that the evidence was conflicting, it was for the jury to resolve any conflicts in the evidence. *Powell v. State*, 352 Ga. App. 14, 16 (1) (833 SE2d 602) (2019) ("[A] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it.") (citation and punctuation omitted). As shown by its verdict, the jury found the witnesses's testimony credible and that Cooke committed the crimes as charged. As such, Cooke's argument fails.

Accordingly, the trial court properly denied Cooke's motion for new trial, and we affirm.

*Judgment affirmed. Reese, P. J., and Colvin, J., concur.*