61330. ALFRED v. THE STATE.

BANKE, Judge.

The appellant was convicted of selling marijuana in violation of the Georgia Controlled Substances Act. On appeal he enumerates as error the trial court's ruling admitting the seized marijuana as evidence, complaining that the state failed to carry its burden of proof regarding chain of custody.

The undisputed testimony showed that the marijuana was purchased by an undercover narcotics agent who then proceeded to

his apartment, placed the evidence in a zip-lock plastic bag, tagged it with an identifying number, and placed it in his briefcase. The locked briefcase was then placed in the trunk of his car, which he also locked. The evidence remained in the car trunk for about a week before it was turned over to the crime lab for analysis. It is this gap which the appellant claims flaws the chain of custody and requires reversal. *Held:*

"[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight." *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975). In the case before us, the agent's car was used by three other persons during the week the evidence was locked in the trunk. However, those persons were not provided the trunk key. In addition, the agent testified that there was no indication that either the trunk, the brief case, or the evidence had been tampered with. The state carried its burden to show with reasonable certainty that the evidence is the same as that seized, and there had been no tampering or substitution. Accord, *Johnson v. State,* 143 Ga. App. 169 (1) (237 SE2d 681) (1977). The enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 26, 1981.

*Carl A. Bryant,* for appellant.

*William S. Lee, District Attorney, Columbus B. Burns III, Assistant District Attorney,* for appellee.