### 66382. KEENAN v. THE STATE.

POPE, Judge.

Appellant appeals his conviction of the offense of traveling too fast for conditions. In this regard, two enumerations of error are cited.

(1) Appellant first assigns error to the trial court's denial of his motion for directed verdict of acquittal on one count of traveling too fast for conditions based upon an asserted insufficiency of the state's evidence. In pertinent part, OCGA § 40-6-180 (Code Ann. § 68A-801) provides: "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at reasonable and prudent speed . . . when special hazards exist with respect to pedestrians or other

traffic. . . ." "A defendant is entitled to a directed verdict only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of not guilty." *Causey v. State,* 154 Ga. App. 76, 77 (267 SE 2d 475) (1980). The state adduced evidence to show that at approximately 2:00 a.m. on July 23, 1982 a wrecker was parked partially upon a two-lane paved roadway in order to pull a car from the ditch beside that highway. While parked there, the wrecker's headlights and emergency lights were turned on, as were the headlights of the car just retrieved from the ditch. Further testimony was offered to show that appellant crested a hill located approximately three-tenths of a mile from the parked vehicles, collided with the car knocking it back into the ditch, and struck and seriously injured the driver of the wrecker. There were no skid marks at the accident scene. "It is not error to refuse to grant a directed verdict for acquittal where there is *any* evidence to support the conviction." *Morris v. State,* 159 Ga. App. 600, 601 (284 SE2d 103) (1981); OCGA § 17-9-1 (a) (Code Ann. § 27-1802). We find such evidence; therefore, this enumeration is without merit.

(2) Appellant next challenges the trial court's failure to grant his motion for new trial on the basis that the charge to the jury on traveling too fast for conditions was not supported by the evidence. For the reasons stated in Division 1, we find no error either in the charge itself or in the trial court's authorization for giving it. Moreover, contrary to appellant's argument, the lack of evidence as to the speed of appellant's vehicle does not preclude the jury's instruction on this point. Even assuming that appellant was traveling within the posted speed limit prior to and at the time of the collision, the propriety of the charge is unaffected. *Cohran v. Douglasville Concrete Prods., Inc.,* 153 Ga. App. 8 (2) (264 SE2d 507) (1980).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 9, 1983 —
REHEARING DENIED SEPTEMBER 20, 1983 —

*E. T. Hendon, Jr., J. Wayne Moulton,* for appellant.
*John T. Strauss, District Attorney, John M. Ott, Assistant District Attorney,* for appellee.