## A95A0658. MOSELY v. THE STATE.
### (458 SE2d 165)

SMITH, Judge.

Shawn Mosely was indicted for selling cocaine in violation of the Georgia Controlled Substances Act. OCGA § 16-13-30 (b). He was found guilty by a jury, his motion for new trial was denied, and he appeals.

1. Mosely challenges the chain of custody of the cocaine admitted in evidence as State's Exhibit 1. Within one to two hours after purchasing the cocaine, the arresting officer placed the cocaine in a chemically-sealed, tamper-proof plastic bag and prepared an evidence receipt for it. He also locked the bag in the trunk of his car. When he retrieved the bag from his car trunk and delivered it to the State Crime Lab, there were no signs of tampering with the bag and the seal was still unbroken.

In order to show the chain of custody adequate to preserve the identity of fungible evidence, the State has the burden of proving with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State need not foreclose every possibility of tampering, however, and it need only show "reasonable assurance" of the identity of the evidence. *Quinn v. State,* 209 Ga. App. 480, 482 (3) (433 SE2d 592) (1993).

"In the absence of any evidence to refute the testimony of the unbroken chain of custody, there was no error in admitting the exhibit. [Cit.] It is not necessary that the state show the drugs to have been personally guarded each minute." *Scudiere v. State,* 130 Ga. App. 477, 481 (10) (203 SE2d 581) (1973) (officer held drugs in locked box in locked trunk of his car while he ate supper, and crime lab em-

ployee kept drugs in his bedroom closet overnight). See also *Alfred v. State*, 157 Ga. App. 221, 222 (276 SE2d 892) (1981) (officer kept evidence in ziplock plastic bag, in locked briefcase, within locked car trunk for "about a week"). The trial court did not err in admitting the evidence.

2. Mosely also enumerates as error the trial court's denial of his motion for mistrial after the State refused to reveal the identity of an informant during the cross-examination of a prosecution witness. Mosely included in his omnibus pretrial motion a request for disclosure of "the existence of any informant who possesses knowledge of any evidence material either to guilt or to punishment in this case." Because the prosecution had an "open file policy" in this case, the *existence* of the informant was known or constructively known to Mosely because that information appeared in the State's file. Moreover, Mosely "made no request for the trial court to conduct a hearing to determine whether the identity of a confidential informant should be revealed pursuant to *Moore v. State*, 187 Ga. App. 387, 388 (2) (370 SE2d 511) (1988). Accordingly, it was not error for the trial court to fail to conduct such a hearing. There are particular requirements placed upon the defendant to justify identifying or [summoning] the informer. The defendant must ask the trial court for an in-camera examination of the matter." (Punctuation and emphasis omitted.) *State v. Sears*, 202 Ga. App. 352, 353 (4) (414 SE2d 494) (1991). Mosely's request was made after announcing ready for trial, striking a jury, and proceeding through the examination of two witnesses without bringing the request to the trial court's attention. Therefore, it was untimely.[1]

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 31, 1995.

*Lawrence & Ford, Francis N. Ford*, for appellant.
*Joseph H. Briley, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellee.

---

[1] Mosely at best made it difficult for the trial court to consider his request. As the trial court observed, "I'm what you call trapped in this thing. I'm in the goalong on it. . . . But I don't think it's a goalong created by me. I think it's a goalong created by somebody else. But we are like the bug in a pipe now. We've got to go forward. Ain't no way to go back."