A96A1486. SLADE v. THE STATE.
(474 SE2d 204)

BIRDSONG, Presiding Judge.

James Daniel Slade, Sr., appeals his conviction of possessing cocaine in violation of the Georgia Controlled Substances Act. He enumerates two errors. *Held*:

1. In his first enumeration of error, appellant contends that the trial court erred in overruling appellant's motion for directed verdict on the charge of possession of cocaine because the chain of custody was not proven and no cocaine was produced at trial. This contention is without merit.

Testimony shows that after receiving consent from appellant's wife, police officers searched the apartment in which appellant lived. This search revealed a briefcase labeled with appellant's name. Inside the briefcase were five individually bagged "rocks" of crack cocaine enclosed in a larger bag and various other drug paraphernalia. Officers found appellant in the apartment's bathroom beside a .38 caliber gun. No one else was in the apartment.

Officer Mike Deaver of the Paulding County Sheriff's office took the bagged substance into custody and kept it in his continuous care until he relinquished it to Donny Scott. Officer Donny Scott then took the substance to the GBI Crime Lab, where it was received by Charles Bevel, forensic chemist. Bevel performed three tests on the substance which indicated it was freebase, or crack, cocaine. As evidence such as this is destroyed after a two-year holding period, the cocaine found in appellant's apartment no longer existed at the time of trial.

Despite appellant's assertions that the chain of custody of the

cocaine was not proven and that no cocaine was produced at trial, we find there was sufficient evidence within the record to warrant the denial of a directed verdict. A defendant is entitled to a directed verdict only where there is no conflict in the evidence and the evidence introduced at trial with all reasonable deductions and inferences therefrom demands a verdict of not guilty as the only legal finding possible. *Keenan v. State*, 168 Ga. App. 51, 52 (308 SE2d 26).

"In order to show the chain of custody adequate to preserve the identity of fungible evidence, the State has the burden of proving with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. However, the State need not foreclose every possibility of tampering, and need only show 'reasonable assurance' of the identity of the evidence." *Mosely v. State*, 217 Ga. App. 507 (458 SE2d 165), citing *Quinn v. State*, 209 Ga. App. 480, 482 (3) (433 SE2d 592).

A review of the record reveals that the State sufficiently has met its burden. The State, through the testimony of Charles Bevel, Donny Scott and Mike Deaver, traced the travels of the cocaine found in appellant's briefcase from appellant's apartment to the GBI Crime Lab. Accordingly, the State has given reasonable assurance of the identity of the evidence. *Mosely*, supra. That the cocaine found in appellant's briefcase was not produced at trial is of no significance as the State is not required to introduce the illegal drug itself into evidence. *Davis v. State*, 135 Ga. App. 203, 205 (217 SE2d 343).

2. In his second enumeration of error, appellant asserts that the evidence was insufficient to support the verdict. We disagree.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Testimony demonstrates that appellant was found alone in a private apartment, with five "rocks" of crack cocaine in his briefcase. Considering this information and after reviewing the transcript in a light most favorable to the jury's verdict, we find there was ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of possessing cocaine in violation of the Georgia Controlled Substances Act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley, C. J., concurs. Blackburn, J., concurs fully and specially.*

BLACKBURN, Judge, concurring specially.

I concur fully in the judgment reached by the majority but write to point out the following.

The majority's reliance on *Davis v. State*, 135 Ga. App. 203, 205 (217 SE2d 343) (1975) with regard to the State's burden of introducing the illegal drug itself into evidence is appropriate here, because the defendant herein did not invoke the discovery provisions of OCGA § 17-16-1 et seq.

OCGA § 17-16-4 (a) (3), effective January 1, 1995, provides in pertinent part: "The prosecuting attorney shall, no later than ten days prior to trial, or as otherwise ordered by the court, permit the defendant at a time agreed to by the parties or ordered by the court to inspect . . . tangible objects . . . which are within the possession, custody, or control of the state or prosecution and . . . were obtained from or belong to the defendant."

The defendant must elect by written notice to the prosecuting attorney to have this article apply to his case. OCGA § 17-16-2. No discovery invocation was made by the defendant herein, and therefore the majority appropriately does not address any affirmative duty which the State might have in regard to the preservation of evidence where the provisions of OCGA § 17-16-1 et seq. have been invoked by the defendant.

DECIDED JULY 9, 1996 —
RECONSIDERATION DISMISSED AUGUST 5, 1996.

*Gale & Henley, Teddy L. Henley*, for appellant.
*James R. Osborne, District Attorney*, for appellee.