## S02A1113. THOMAS v. THE STATE.

(572 SE2d 537)

FLETCHER, Chief Justice.

A jury convicted Quincy Thomas for the shooting death of Shaun Gunn. On appeal, Thomas contends that the trial court erred when it permitted the State to cross-examine Thomas a second time even though he had not given any testimony on redirect. Because we find the trial court did not abuse its discretion in permitting the State to ask Thomas limited additional cross-examination questions and his other enumerations are without merit, we affirm.[1]

1. Taken in the light most favorable to the jury's verdict, the evidence presented at trial showed that, early on the morning of December 11, 1996, Thomas and two companions, Jermeal Wallace[2] and someone known as "Big E," drove to an apartment complex known for its illegal drug activity. Once there, Wallace jumped out of the car

---

[1] The crimes occurred on December 11, 1996. On August 29, 1997, a grand jury indicted Thomas for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime against a person, and a jury convicted him of all counts on May 21, 1999. The trial court sentenced Thomas to life imprisonment for malice murder and a consecutive term of five years imprisonment for possession of a firearm during the commission of a crime against a person. Thomas moved for a new trial on June 8, 1999, and the trial court denied that motion on September 18, 2001. Thomas filed a notice of appeal on October 8, 2001, and the appeal was docketed in this Court on April 10, 2002. The case was submitted for decision on June 3, 2002.

[2] Wallace's appeal is pending in this Court. See *Wallace v. State*, 275 Ga. 879 (572 SE2d 579) (2002).

and told Gunn and two other men to empty their pockets because he was robbing them, and then Wallace began shooting. Gunn was hit in the head and died later that same day. Following a high-speed car chase with the police, Thomas crashed the car and was arrested. Wallace was apprehended a short time later, but "Big E" escaped. We conclude that there was sufficient evidence from which a rational trier of fact could have found Thomas guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. Thomas and Wallace were tried together, and they both testified at trial. After Thomas testified, the State cross-examined him. Then, Wallace cross-examined Thomas. Thomas's counsel did not ask him any questions on redirect. Nonetheless, the trial court permitted the State to ask Thomas a few additional questions regarding matters that had arisen for the first time during Wallace's cross-examination of Thomas. Thomas contends that the State was not entitled to further cross-examination because he had not testified on redirect.

Trial courts generally have discretion regarding the reexamination of witnesses.[4] They may order a witness recalled for further cross-examination[5] and permit a party to introduce additional evidence after that party has rested.[6] They also may permit a questioner to inquire into matters on redirect or recross that should have been inquired into earlier but had been overlooked, even though redirect and recross are usually not for introducing new topics.[7] Here, the trial court was within its discretion in permitting the State to cross-examine Thomas further regarding matters that had been raised for the first time during Wallace's cross-examination of Thomas.

3. Thomas's final enumeration of error is that the State could not impeach him with his prior statements because the State had earlier successfully moved to exclude those same statements. Thomas, however, failed to preserve this argument for appeal by not raising at trial this ground for exclusion of his prior statements.[8]

*Judgment affirmed. All the Justices concur.*

---

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See generally *Mincey v. State*, 251 Ga. 255, 267 (304 SE2d 882) (1983); *Obiozor v. State*, 213 Ga. App. 523, 527 (445 SE2d 553) (1994).

[5] *Morris v. State*, 228 Ga. 39, 50 (184 SE2d 82) (1971).

[6] *Butler v. State*, 226 Ga. 56, 59 (172 SE2d 399) (1970); *Britten v. State*, 221 Ga. 97, 101-102 (143 SE2d 176) (1965).

[7] *Mincey*, 251 Ga. at 267; *Owens v. State*, 205 Ga. App. 824, 825 (423 SE2d 731) (1992); *Goodrum v. State*, 158 Ga. App. 602, 603 (281 SE2d 254) (1981).

[8] See *Brinson v. State*, 268 Ga. 227, 230 (486 SE2d 830) (1997); *Mundy v. State*, 259 Ga. 634, 635 (385 SE2d 666) (1989).

DECIDED NOVEMBER 12, 2002.

*Patrick G. Longhi,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General,* for appellee.