**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 23, 2015**

# In the Court of Appeals of Georgia

A15A1037. WILLIAMS v. THE STATE.                                    DO-039 C

DOYLE, Chief Judge.

Ronnie O'Neal Williams was convicted of possession of cocaine.[1] He appeals the denial of his subsequent motion for new trial, arguing that the trial court erred by denying his motion for a directed verdict. We disagree and affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility."[2]

---

[1] OCGA § 16-13-30 (a).

[2] (Citations, punctuation, and footnotes omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001).

So viewed, the record shows that on April 23, 2012, while on patrol, Investigator Donald McNeil observed a pill bottle standing upright at the rear of a vehicle parked near a grocery store. Shortly thereafter, Williams picked up the pill bottle. Investigator McNeil asked Williams what was in his hand, and Williams replied, "[Y]ou know what it is, it's drugs." Williams then stated that the drugs belonged to another person, Johnny Donaldson, who Williams indicated was on the other side of the store. Investigator McNeil was unable to find Donaldson, and he returned and arrested Williams, charging him with possession of cocaine.

At trial, another officer testified that he field tested the items in the pill bottle, and they tested positive for the presence of cocaine.[3] A forensic chemist for the Georgia Bureau of Investigation ("GBI") testified that two tests of the substance found in the pill bottle tested positive for the presence of cocaine. The prosecutor, however, neglected to tender the cocaine for admission into evidence. After the State rested, Williams moved for a directed verdict on the basis that the State had not met its burden of proof. The trial court denied the motion, and then granted the prosecutor's request to reopen the evidence for the purpose of tendering the cocaine.

---

[3] Investigator McNeil had the cocaine during the trial, and he opened the sealed package containing it and resealed it during his testimony.

Williams objected at the time of the tender, but the trial court overruled the objection and admitted the exhibit. The jury found Williams guilty, and the trial court sentenced him to serve 15 years in prison. The trial court denied Williams's subsequent motion for new trial, and this appeal followed.

On appeal, Williams argues that the trial court erred by denying his motion for directed verdict because the State failed to meet its burden of proof by failing to tender the physical sample of the drug he allegedly possessed. This enumeration is without merit.

"A defendant is entitled to a directed verdict only where there is no conflict in the evidence and the evidence introduced at trial with all reasonable deductions and inferences therefrom demands a verdict of not guilty as the only legal finding possible."[4] The Supreme Court of Georgia has explained that

> failure of the prosecution in a drug-possession case to introduce physical samples of the drug allegedly possessed does raise substantial questions with respect to whether the evidence is sufficient to authorize a verdict of guilty. However, in our opinion the absence of such proof does not lead ineluctably to the conclusion that there has been no proof of corpus delicti. . . . *[T]he concept of corpus delicti requires that in a drug-possession case there be proof by the [S]tate that the defendant*

---

[4] *Slade v. State*, 222 Ga. App. 407, 408 (474 SE2d 204) (1996).

3

*possessed (or perhaps attempted to possess) the illegal drug; however, there is no invariable requirement that in every such case, the drug itself be produced.*[5]

Here, the State introduced the testimony of the officer who recovered the pill bottle from Williams, as well as that of the officer and the GBI chemist who conducted tests on the contents of the bottle, which tests indicated the presence of cocaine. "Accordingly, the State has given reasonable assurance of the identity of the evidence. That the cocaine [possessed by Williams] was not produced at trial is of no significance [because] the State is not required to introduce the illegal drug itself into evidence."[6] Thus, the trial court did not err by denying Williams's motions for directed verdict and for a new trial.

*Judgment affirmed. Phipps, P. J., and Boggs, J., concur.*

---

[5] (Citations omitted; emphasis supplied.) *Chancey v. State*, 256 Ga. 415, 421 (III) (1) (A) (c) (349 SE2d 717) (1986).

[6] (Citation omitted.) *Slade*, 222 Ga. App. at 408 (1).