**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 21, 2022**

# In the Court of Appeals of Georgia

A22A1145. WALLER v. THE STATE.

REESE, Judge.

In August 2018, a Putnam County jury found Thurston Waller guilty of the sale of cocaine,[1] and the trial court sentenced him to life in prison without parole. Waller filed an amended motion for new trial, which the trial court denied. Waller now appeals, arguing that (1) there was insufficient evidence to support the verdict; (2) Waller did not knowingly, intelligently, and voluntarily waive his right to counsel at sentencing; (3) Waller's sentence was improper and void because the trial court failed to apply the rule of lenity and it did not properly apply OCGA §§ 16-13-30 (d) and 17-10-7 (c) when sentencing Waller; and (4) the trial court erred in denying his

---

[1] OCGA § 16-13-30 (b).

motions in limine. For the reasons set forth infra, we affirm the judgment, vacate the sentence, and remand for resentencing.

Viewed in the light most favorable to the jury's verdict,[2] the record shows the following. In August 2017, a confidential informant was working for the Eatonton Police Department. Officer Maya Woodall provided Glenn $20 with which to purchase cocaine. The informant testified that he went to "Wild Man's" house and approached individuals sitting outside at a picnic table. When the individuals asked the informant what he wanted, the informant responded that he needed "$20 worth of rock [cocaine]." A man identified at trial as Kenneth Lawson took the $20 from the informant, and gave it to a person whom the informant identified as Waller. Waller then provided Lawson two "rocks[ ]" and Lawson handed the substance to the informant. The informant recorded the purchase on a camera phone provided to him by the Eatonton Police Department. The informant provided the substance he had purchased to Officer Woodall, who conducted a field test of the substance, which tested positive for cocaine.

---

[2] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

Waller was arrested in December 2017, and indicted on one count of the sale of cocaine. Waller pled not guilty and although he was appointed counsel, Waller attempted to communicate directly with the district attorney and filed motions with the court. The court held a hearing to determine if Waller wanted to waive his right to counsel during which Waller stated that he would like to proceed pro se. The court then conducted a *Faretta*[3] inquiry after which it found that Waller had knowingly, intelligently, and voluntarily waived his right to counsel. Waller's previously appointed counsel remained involved as standby counsel.

The jury found Waller guilty, and the trial court proceeded to sentencing. The State sought to sentence Waller as a recidivist, and following a hearing, the trial court issued a sentence of life imprisonment without parole. The trial court denied Waller's amended motion for new trial, and this appeal followed.

> On appeal from a criminal conviction, [the appellate court] view[s] the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[4] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are

---

[3] *Faretta v. California*, 422 U.S. 806 (95 SCt 2525, 45 LEd 2d 562) (1975).

[4] 443 U. S. 307.

for the [fact finder] to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the reviewing court] must uphold the jury's verdict.[5]

Additionally, when examining a trial court's determination that a defendant knowingly, intelligently, and voluntarily waived his right to an attorney, the appellant court "must accept this factual determination unless it is shown to be clearly erroneous."[6] Further, "[a]s in all appeals involving the construction of statutes, our review is conducted under a de novo standard."[7] With these guiding principles in mind, we turn now to Waller's claims of error.

1. Waller argues that the evidence was insufficient to support the verdict because the cocaine purchased was not entered into evidence and the State only presented a field test to the jury. According to Waller, his conviction was in error as the State failed to establish a chain of custody of the drugs purchased by the informant.

---

[5] *Rankin*, 278 Ga. at 705 (additional citations omitted).

[6] *Williams v. State*, 174 Ga. App. 56, 58 (3) (329 SE2d 226) (1985).

[7] *Cooper v. State*, 352 Ga. App. 783, 787 (2) (835 SE2d 724) (2019) (citations and punctuation omitted).

4

In order to show the chain of custody adequate to preserve the identity of fungible evidence, the State has the burden of proving with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. However, the State need not foreclose every possibility of tampering, and need only show "reasonable assurance" of the identity of the evidence.[8]

Here, Officer Woodall testified that she received the substance obtained by the informant and that a field test conducted on the substance came back positive for cocaine. Officer Woodall then placed the substance in an evidence bag, sealed it, and placed the bag in a temporary storage locker. At this point, the evidence custodian, testified that he took the sealed bag from the temporary storage locker and transported it to the crime lab in Macon so it could be further tested. After arriving in Macon, Michelle Peck, who works at the Macon crime lab, testified that she received the sample and that it did not appear to be tampered with in any way. Peck conducted two tests on the substance, pursuant to the standard protocol, and both indicated the presence of cocaine. There was no evidence suggesting that the substance purchased by the informant was subject to tampering at any point during the process.

---

[8] *Slade v. State*, 222 Ga. App. 407, 408 (1) (474 SE2d 204) (1996) (citation and punctuation omitted).

Through the above testimony, "the State has given reasonable assurance of the identity of the evidence."[9] Moreover, the fact that the cocaine purchased by the informant was not produced at trial "is of no significance as the State is not required to introduce the illegal drug itself into evidence."[10] Additionally, "a chain of custody argument goes to the weight and credit a fact finder assigns to the evidence, rather than to its admissibility."[11] Thus, a rational trier of fact could have concluded, based on the evidence presented, that Waller was guilty beyond a reasonable doubt.[12]

2. Waller argues that he did not knowingly, intelligently, and voluntarily waive his right to counsel because the trial court did not specifically advise him of his right to counsel at the sentencing phase of the trial.

"The determination of whether a defendant has intelligently waived his constitutional right to counsel depends upon the particular facts and circumstances

---

[9] *Slade*, 222 Ga. App. at 408 (1).

[10] Id.

[11] *Ross v. State*, 313 Ga. App. 695, 698 (1) (c) (722 SE2d 411) (2012) (citation and punctuation omitted).

[12] See *Slade*, 222 Ga. App. at 408 (1).

6

surrounding each case."[13] Moreover, once "the trial court [has] concluded that appellant had freely and voluntarily waived his right to an attorney, . . . we must accept this factual determination unless it is shown to be clearly erroneous."[14] "No magic language must be used by a trial judge when determining that a defendant has validly waived his right to counsel."[15]

Although Waller initially indicated that he wanted to proceed with representation, Waller wrote to the State and the court. At a subsequent motion hearing, Waller again stated that he would continue to be represented by his appointed counsel because he was "unable to represent [himself,]" but later during the same hearing, Waller expressed his desire to represent himself. Following a *Faretta* inquiry, the trial court found that Waller had knowingly, intelligently, and voluntarily waived his right to counsel, and appointed Waller's previously appointed public defender as standby counsel. However, during the trial, the court reminded Waller's standby counsel on multiple occasions that her role was only to advise Waller if he requested her counsel, but not to speak on his behalf. Following the

---

[13] *Bush v. State*, 268 Ga. App. 200, 202 (2) (601 SE2d 511) (2004) (citation and punctuation omitted).

[14] *Williams*, 174 Ga. App. at 58 (3).

[15] *Brown v. State*, 244 Ga. App. 206, 208 (1) (535 SE2d 281) (2000).

jury's guilty verdict, the standby counsel noted that Waller was still proceeding pro se as they began sentencing.

Waller now asserts that because "he requested that standby counsel . . . be permitted to take over[ ]" during sentencing and the "court failed to respond to this request" the trial court committed reversible error. However, at trial, Waller and the court engaged in the following exchange:

> WALLER: I object to that. I really need [standby counsel's] help, sir.
> COURT: You have chosen to represent yourself.
> WALLER: I [know], but [with] Standby Counsel.
> COURT: Are you waiving – are you now surrendering your right to represent yourself pro se and do you wish to obtain counsel at this time? You cannot flip-flop back and forth. You can either represent yourself, or you can have counsel. We're not going to let her speak for you at this point in time.

At this point, Waller proceeded to continue arguing his objection. At no point did Waller state that he wanted to be represented by counsel. Given the facts surrounding the exchange, we cannot conclude that the trial court's decision to allow Waller to proceed pro se was clearly erroneous.[16]

---

[16] But cf. *Wright v. State*, 358 Ga. App. 798, 799-801 (1) (856 SE2d 391) (2021) (holding that the trial court abused its discretion by failing to consider defendant's statements "I got a right to an attorney[;] Still got a right to an attorney[

3. Waller argues that his sentence of life without parole is void because the trial court failed to apply the rule of lenity and did not apply OCGA §§ 16-13-30 (d) and 17-10-7 (c) properly when imposing his sentence.[17]

(a) Waller asserts that OCGA § 16-13-30 is ambiguous because the statute offers two options for sentencing, ten to forty years or life imprisonment, and therefore the trial court erred in not applying the rule of lenity. We disagree.

> The rule of lenity ensures that if and when an ambiguity exists in one or more statutes, such that the law exacts varying degrees of punishment for the same offense, the ambiguity will be resolved in favor of a defendant, who will then receive the lesser punishment. However, the rule does not apply when the statutory provisions are unambiguous.[18]

---

]" to be a request for counsel).

[17] Although Waller did not specifically raise this argument in his motions for new trial, he did reference it in his Brief in Support of Third Amended Superseding Motion for New Trial and Motion to Correct Sentence and the trial court ruled on the argument in its order. Although a brief does not normally amend a motion for new trial, a trial court may allow a motion for new trial to be amended implicitly by treating a claim as if it had been raised in the motion. See *Horne v. State*, 231 Ga. App. 864, 866 (501 SE2d 47) (1998) (holding that the trial court implicitly allowed the amendment of the new trial motion by stating it had considered the appellant's brief and citation of authority therein); see also *Rickman v. State*, 304 Ga. 61, 66 (816 SE2d 4) (2018) (noting that "a trial court may under some circumstances allow a motion for new trial to be amended implicitly by treating a claim as if it had been raised in the motion").

[18] *Cooper*, 352 Ga. App. at 787 (2) (citations and punctuation omitted).

9

OCGA § 16-13-30 (d) states regarding possession of a controlled substance that "[u]pon conviction of a second or subsequent offense, he or she shall be imprisoned for not less than ten years nor more than [forty] years or life imprisonment." However, the fact that a statute permits the trial court to decide between two alternative sentences, life or a sentence of ten to forty years in confinement, does not mean the statute is ambiguous and require the trial court to utilize the rule of lenity.[19]

(b) Waller also asserts that his sentence was void because the State failed to show that the prior convictions underlying his sentence under OCGA § 16-13-30 (d) were proper.

Although Waller argues that the trial court improperly relied upon two of the convictions offered by the State at sentencing, the State also provided three other of Waller's prior convictions for the sale of cocaine. Thus, even assuming arguendo that two of the proffered convictions were insufficient to support sentencing under OCGA

---

[19] See *Hudson v. State*, 334 Ga. App. 166, 169 (2) (778 SE2d 406) (2015) (holding that OCGA § 16-8-41 (b), which provides that one convicted of armed robbery shall be punished by life in prison or imprisonment of ten to twenty years, was not ambiguous and therefore the rule of lenity did not apply).

§ 16-13-30 (d), any error in admitting these convictions was harmless as there were additional felony convictions that supported the trial court's sentence.[20]

(c) Waller argues that the trial court erred because it sentenced Waller based on the assumption that a life sentence was required because of the interplay between OCGA § 16-13-30 (d) and OCGA § 17-10-7 (c). We agree.

> [Under OCGA § 17-10-7 (c),] [a]ny person who upon conviction for a fourth felony offense or for subsequent offenses must serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served. For a second or subsequent violation of OCGA § 16-13-30 (b), the sentencing judge must impose a sentence of not less than ten years nor more than [forty] years or life imprisonment. OCGA § 16-13-30 (d). Consequently, the sentencing judge retains the discretion either to impose any sentence within the statutory mandatory minimum and maximum sentence range or else to impose a life sentence.[21]

---

[20] See *Williams v. State*, 326 Ga. App. 418, 423 (8) (756 SE2d 650) (2014) (holding admission of possible misdemeanor conviction was harmless since five other felony convictions necessitated recidivist sentencing).

[21] *Scott v. State*, 248 Ga. App. 542, 545-546 (2) (545 SE2d 709) (2001) (citation, punctuation, and footnote omitted; emphasis omitted).

11

Here, the State told the trial court at sentencing that "[OCGA §] 16-13-30 (d) . . . works in conjunction with [OCGA §] 17-10-7 subsection (c). The only possible sentence that this Court can give [Waller] is life without parole."

The trial court and the State subsequently stated:

COURT: What is the minimum? Is the minimum . . . life since it's his second [conviction]?
THE STATE: The only — the maximum, the minimum in this situation are what we said; life without parole.
THE COURT: And that's — that's what I understood it to be, as well. The maximum and the minimum . . . is life without parole.

Moreover, the trial court stated in its order denying Waller's amended motion for new trial, "based upon [Waller's] prior history, the Court appropriately sentenced [Waller] to the maximum sentence of life in prison."

However, the trial court and the State's belief that the court was required to sentence Waller to a life sentence was mistaken. As noted above, the trial court judge retains discretion to sentence a defendant to either ten to forty years in confinement or a life sentence for a subsequent violation of OCGA § 16-13-30 (b), even if the State pursues a recidivist sentence under OCGA § 17-10-7 (c).[22] Consequently, "[t]he

---

[22] See *Scott*, 248 Ga. App. at 545-546 (2); see also *Mann v. State*, 273 Ga. 366, 369 (1) (541 SE2d 645) (2001) (holding that the trial court retains discretion to

judge's failure to exercise discretion when sentencing [Waller] to not less than ten years nor more than [forty] years or life imprisonment under OCGA § 16-13-30 (d) was error which we cannot find harmless under the circumstances."[23] Thus, Waller's sentence is "vacated and this case remanded for the exercise of the trial court's discretion upon resentencing."[24]

4. Waller also asserts, summarily, that the court erred in denying his motions in limine. However, as Waller failed to provide any citations to the record, legal authority, or arguments to support this claim of error, we consider it abandoned.[25]

*Judgment affirmed, sentence vacated, and case remanded for resentencing.*

*Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

choose between ten to forty years or life in prison under OCGA § 16-13-30 (d) for a subsequent conviction even when OCGA § 17-10-7 is implicated).

[23] *Scott*, 248 Ga. App. at 546 (2) (punctuation and footnote omitted).

[24] Id. Although the State argued in its brief that "the trial court never indicated that it was sentencing [Waller] under OCGA § 17-10-7 or that it was treating [Waller] as a recidivist[,]" the trial court did indicate it was sentencing Waller as a recidivist pursuant to OCGA § 17-10-7 (c) and OCGA § 16-13-30 (d) on the sentencing form.

[25] See Court of Appeals Rule 25 (d) (1); *Grimes v. State*, 362 Ga. App. 242, 245 (2) (867 SE2d 843) (2022).