**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 29, 2023

# In the Court of Appeals of Georgia

A23A0367. ALLEN v. THE STATE.

GOBEIL, Judge.

A Muscogee County jury found A'Andre Allen guilty of two counts of aggravated child molestation and three counts of child molestation related to three separate victims. Allen appeals from the denial of his amended motion for new trial, raising several claims of error, including sufficiency of the evidence, trial court error, ineffective assistance of counsel, and sentencing error. For the reasons set forth below, we affirm Allen's convictions, but vacate his sentence and remand for resentencing.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a

presumption of innocence." *Williams v. State*, 333 Ga. App. 879, 879 (777 SE2d 711) (2015) (citation and punctuation omitted).

So viewed, the record shows that between March 2015 and March 2016, Allen committed aggravated child molestation against his daughter, S. A., who was then approximately seven or eight years old (Counts 1 and 3); aggravated child molestation and child molestation against his daughter, K. A., who was then approximately six years old (Counts 2 and 4); and child molestation against his then-girlfriend's niece, K. F.,[1] who was then three and a half years old (Count 5).

At trial, all three victims testified. The first victim, K. F., Allen's then-girlfriend's niece, who was 8 years old at the time of trial, testified that she had no recollection of anything involving Allen when she was three-and-a-half years old, or of her "Uncle Dre" doing anything to hurt her. However, Kalen Sieck, an employee of Children's Tree House, a child advocacy center, conducted a forensic interview of K. F. in May 2016. A video of K. F.'s interview was played for the jury, in which she stated that Allen touched her "on her private" and touched her private with a spoon.

---

[1] K. G. is the mother of the two other victims, Allen's daughters. K. F. is K. G.'s niece, who lived with K. G. and Allen during part of the time period alleged in the indictment.

K. A., Allen's daughter, who was 10 years old at the time of trial, testified that her father had pulled down his pants and showed her his private parts. He also made her touch his private parts. On another occasion, he put his mouth on her private parts. K. A. testified that she was afraid of her father, because he had threatened to kill her "because he loved [her]." Sieck also interviewed K. A. in March 2016, and their interview was played for the jury.

S. A., Allen's daughter and K. A.'s sister, who was eleven years old at the time of trial, testified that her father "hurt us and did things he shouldn't have did to us." She stated that Allen was physically abusive and inappropriate with her and her sister. She testified to one incident where Allen showed the sisters his private part and forced them to touch it. She stated that this kind of thing happened "more than twice" when she was seven and her sister was six. She testified that he threatened her that she would not see her sister or mother if she told anyone about what happened. S. A. testified about another incident where Allen put his mouth on her and her sister's private parts after a bath. She was afraid to tell anyone because of Allen's threat, but eventually K. A. revealed the abuse to her mother and then her grandmother. Samantha Defranks, another employee of Children's Tree House, interviewed S. A. in March 2016, and their interview was played for the jury.

3

A defense witness, Dr. James Powell, a psychologist, testified that he watched the forensic interviews of the victims and reviewed other materials associated with this case. He expressed concerns with the videos of the victims' interviews used as evidence, including the set up of the video camera making it difficult to see the interviewer's face (which in his opinion would make it more difficult to determine if the interviewer is inappropriately influencing the child), as well as praising the victims for the information they gave the interviewer. He was also concerned about the interviewers' lack of "hypothesis testing," which in his opinion would help determine the truthfulness of the victims' allegations.

At the conclusion of the trial, the jury found Allen guilty as charged. The trial court imposed a life sentence for Count 1, a consecutive life sentence for Count 2, a consecutive 20-year sentence for Count 3, and a consecutive 30-year sentence for Count 4, and a consecutive 30-year sentence with life on probation for Count 5. Trial counsel objected to the 30-year sentences for Counts 4 and 5, arguing that because the charges were all under the same indictment, Allen could not be sentenced as a recidivist, as he had no prior criminal history. Trial counsel also asserted that Counts 3, 4, and 5 were all required to have at least one year of probation in the sentence. The

trial court did not amend its sentence. After the trial court denied Allen's motion for new trial after a hearing, this appeal followed.

On appeal, Allen asserts: (1) the trial court erred in denying his motion for continuance; (2) the evidence was insufficient for Count 5 related to K. F.; (3) trial counsel was ineffective for failing to object to Defranks's testimony bolstering S. A.'s forensic interview; (4) the trial court erred in sustaining the State's objection to defense counsel's recross-examination of Dr. Powell concerning a conversation that occurred during a recess; (5) cumulative error; and (6) sentencing error. We find no errors from Allen's trial, but vacate his sentence and remand this case for resentencing.

1. Allen's first claim concerns the trial court denying a motion for continuance. In reviewing this claim, we "will not reverse a trial court's decision on a motion for continuance except upon a clear abuse of the trial court's discretion." *Columbus v. State*, 270 Ga. 658, 665 (4) (513 SE2d 498) (1999) (citation and punctuation omitted). "Moreover, to be entitled to a new trial based upon the denial of his motion for a continuance, [Allen has] the burden to show that he was harmed by that denial." Id.

In August 2019, approximately four months after Allen was indicted, trial counsel filed an ex parte subpoena for records from the Georgia Department of

5

Family and Children services ("DFCS") concerning the victims. DFCS contested the subpoena, and the trial court granted Allen a continuance until September 16, 2019. On September 13, 2019, Allen sought another continuance, stating that DFCS had provided the requested documents to the State on September 12, which turned them over to the defense the same day. Accordingly, trial counsel stated that he needed additional time to review the newly produced discovery, which included new witnesses previously unknown to the defense, as well as to prepare his expert witness. The parties argued the motion for continuance on September 16, the day the case was set to proceed to a jury trial. After hearing from trial counsel, the trial court denied the motion.

Here, we do not find a clear abuse of the trial court's discretion in denying the motion for continuance. This is not a case where the State was at fault for any delay in Allen's receipt of discovery, nor a case where Allen did not receive the desired documents before the trial began. See *Livingston v. State*, 266 Ga. 501, 502-503 (1) (467 SE2d 886) (1996) (where prosecutor failed to comply with the defendant's discovery request, and the defendant thus did not obtain the discovery to which he was entitled before trial, the trial court erred in denying the defendant's motion for a continuance). The DFCS documents totaled approximately 140 pages, not so

6

overwhelming a number that could not be reviewed in the four days before trial. See *Eskew v. State*, 309 Ga. App. 44, 45-46 (1) (709 SE2d 893) (2011) (no abuse of discretion in denying motion for continuance where defense counsel received over 2,000 pages of medical records approximately two weeks before trial). Further, the trial court stated that Allen would be given an opportunity to interview any new witnesses to ensure the defense was prepared.

Additionally, Allen has shown no harm from the denial of the continuance. He states that the DFCS record contained conflicting statements made by the victims, yet counsel had the DFCS record four days before the trial began, and there is no reason that he could not have confronted the victims with these purported inconsistencies on cross-examination. Allen lists two witnesses he claims had exculpatory information for his defense, yet both of those witnesses appear on the defense's witness list, and Allen provides no explanation as to why the denial of the motion for continuance affected his ability to call them as defense witnesses. Allen states further that notes from medical records in the DFCS documents showed that S. A. and K. A. did not show physical signs of sexual abuse, yet the jury heard substantially the same information from a nurse who examined K. F. and consulted with a doctor who examined the other two victims. Indeed, the nurse testified that they found "nothing"

7

in the examinations of the victims. However, she also explained that most kinds of sexual abuse would leave no physical evidence. Accordingly, we find no clear abuse of discretion in the trial court's denial of Allen's motion for a continuance.

2. Allen next asserts that the evidence was insufficient to support his child molestation conviction in Count 5 as it related to K. F. because she testified at trial that Allen did not do anything to hurt her. He contends that K. F.'s statements in her forensic interview should be discounted because the child did not confirm at trial that she spoke to the interviewer or that her statements to the interviewer were true.

Here, although K. F. did not testify to the molestation at trial, the jury viewed a recording of her forensic interview from May 2016, in which she stated that Allen touched her private part. This is sufficient evidence to support a child molestation conviction. See OCGA § 16-6-4 (a) (1) (child molestation occurs when a person "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."); *Allison v. State*, 356 Ga. App. 256, 261 (1) (a) (846 SE2d 222) (2020) (even where child is unresponsive to questions when called as a witness, the victim's forensic interview in which she confirmed indecent acts by the defendant was sufficient evidence to sustain child molestation conviction).

8

The victim's recantation at trial requires a credibility determination in light of the State's evidence demonstrating [Allen's] guilt, including the victim's videotaped statement describing the incidents of sexual abuse [Allen] perpetrated against her. It is the jury's prerogative to choose what evidence to believe and what to reject. Issues regarding the credibility of witnesses are in the sole province of the jury and only the jury may analyze what weight will be given each witness' testimony.

*Dameron v. State*, 267 Ga. App. 671, 672 (3) (601 SE2d 137) (2004) (citation and punctuation omitted). Here, it was up to the jury to determine whether it believed K. F.'s trial testimony or her statements to the forensic interviewer, in light of the other evidence that they reviewed. Accordingly, we find that the evidence was sufficient to sustain Allen's conviction for Count 5.

3. Allen's third claim concerning ineffective assistance of trial counsel is waived by his failure to preserve it for appellate review. Allen's original motion for new trial raised no specific claims other than the general grounds, and his amended motion for new trial, for which Allen was represented by new counsel, raised as error only: (1) sufficiency of the evidence; (2) the trial court's failure to grant him a continuance; and (3) trial counsel's failure to prepare for the trial, specifically in regard to his examination of the defense's expert witness. Accordingly, Allen's claim that trial counsel was ineffective for a different reason — failing to object to allegedly

9

bolstering testimony from Defranks — was not preserved. See *Elkins v. State*, 306 Ga. 351, 361 (4) (a) (830 SE2d 217) (2019) (when the appellant is represented by new counsel at the motion-for-new-trial stage, an ineffectiveness claim must be raised in a motion for new trial or at the motion-for-new-trial hearing or else it is waived); *Anthony v. State*, 302 Ga. 546, 553 (IV) (807 SE2d 891) (2017) (specific bases of ineffective assistance of counsel not raised at the earliest practicable moment are procedurally barred on appeal).

4. Allen next claims that the trial court erred in sustaining an objection by the State. During the State's cross-examination of the defense witness Dr. Powell, the State asked him if he spoke to defense counsel during a break in the trial. After Dr. Powell acknowledged that he did speak to defense counsel, the State asked if he was aware that he was not supposed to talk to defense counsel about his testimony once he began his testimony. Dr. Powell responded that he was not aware of the rule, and he did not remember what he and defense counsel had discussed. During Allen's re-direct examination of Dr. Powell, defense counsel asked him if during the break they had talked about whether Dr. Powell could testify to psychological profiles of pedophiles or symptoms of sex abuse in children. Dr. Powell responded affirmatively. The State objected to any further discussion of what the two had discussed, and the

trial court sustained the objection. Allen made no argument on the objection and asked no further questions of Dr. Powell.

On appeal, Allen asserts that the State opened the door to this topic during its cross-examination and impugned Dr. Powell's credibility, so Allen should have been permitted to clarify on re-direct that nothing improper took place during the recess conversation. To the extent Allen did not raise this argument at trial, we review it for plain error only. *State v. Parks*, 350 Ga. App. 799, 807 (830 SE2d 284) (2019) ("where a party fails to object to an evidentiary ruling at trial, we review such rulings for plain error").

Here, we see no clear or obvious error. See *Parks*, 350 Ga. App. at 808 (first two prongs of plain error analysis are that there is error and error is clear or obvious). Trial courts generally have discretion to exercise control over witness examinations. OCGA § 24-6-611; *Thomas v. State*, 275 Ga. 882, 883 (2) (572 SE2d 537) (2002) (scope of redirect examination is typically confined to matters raised in cross-examination, but trial courts have discretion). The jury heard that Dr. Powell spoke to defense counsel during the break, and then heard some information about what that conversation entailed. Allen cites no authority for the proposition that a trial court

abuses its discretion by curtailing a re-direct examination in this way. We therefore find no merit to Allen's claim.

5. Because we found no error in connection with Allen's trial, his claim for cumulative error is without merit. *Thrift v. State*, 310 Ga. 499, 515 (10) (852 SE2d 560) (2020) ("in order to establish a claim of cumulative error, a defendant must show . . . that at least two errors were committed in the course of the trial") (citation and punctuation omitted).

6. Finally, Allen raises two claims of sentencing error. The trial court sentenced Allen to a life sentence for Count 1, a consecutive life sentence for Count 2, a consecutive 20-year sentence for Count 3, a consecutive 30-year sentence for Count 4, and a consecutive 30-year's confinement with life on probation for Count 5.

(a) First, Allen asserts that the court erred in sentencing him to the maximum statutory punishment without a split sentence as required by OCGA § 17-10-6.2 (b). We agree.

Under the version of OCGA § 17-10-6.2 (b) in effect at the time Allen committed his offenses (March 2015 to March 2016 as alleged in the indictment and proved at trial):

12

any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year. . . .

OCGA § 17-10-6.2 (b) (2013). Although the legislature amended this statute in 2017 to require that only the final sentence imposed contain a split sentence (rather than each individual count), "the trial court was obligated to sentence [Allen] pursuant to the statute in effect at the time he committed his crime." *Martinez-Chavez v. State*, 352 Ga. App. 142, 143 (1) (834 SE2d 139) (2019). See *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006) ("It has long been the law in this State that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission.") (citation and punctuation omitted). Therefore, the trial court was required to impose split sentences on each count, and its failure to do so renders these sentences void. Accordingly, we vacate these sentences and remand for resentencing.

(b) Allen also asserts that the trial court erred in imposing 30-year incarceration sentences for Counts 4 and 5 pursuant to OCGA § 16-6-4 (b) (1), when he had never before been convicted of child molestation at the time of sentencing.

OCGA § 16-6-4 (b) (1) provides: "a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years . . ." and "upon a second or subsequent conviction of an offense of child molestation, the defendant shall be punished by imprisonment for not less than ten years nor more than 30 years . . . ." Here, it appears the trial court considered Count 3 as Allen's first child molestation conviction, and Counts 4 and 5 to be "second or subsequent conviction[s]."

Whether a separate offense charged in the same indictment may qualify as "a second or subsequent conviction" under OCGA § 16-6-4 (b) (1) appears to be a question of first impression before this Court. However, we believe that this question is answered by the reasoning of the Supreme Court's recent holding in *Monroe v. State*, 315 Ga. 767, 788-789 (7) (b) (884 SE2d 906) (2023). In *Monroe*, the Supreme Court considered whether a defendant convicted of several counts of possession of a firearm during the commission of a crime charged in the same indictment could be given enhanced sentences for all counts but the first one. Id. at 788 (7) (b). OCGA §

14

16-11-106 (b) states that this offense carries a 5-year sentence. However, subsection (c) states: "Upon the second or subsequent conviction of a person under this Code section, the person shall be punished by confinement for a period of ten years." The Supreme Court held that the additional charges within the same indictment did not qualify as "second or subsequent" convictions under the statute, ruling that the defendant could only be sentenced to five years for each of the possession charges. Id. at 789 (7) (b). The Court reasoned that the defendant was not convicted of a crime until he was found guilty by a jury and sentence was entered by the trial court. See OCGA § 16-1-3 (4) (defining "conviction" as "a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty").

Similarly, Allen was not convicted of a crime until he was found guilty by the jury and sentenced by the trial court.[2] Accordingly, the other charges from the same indictment do not qualify as "second or subsequent" convictions for sentencing purposes, and the trial court was only authorized to impose a sentence of "not less than five nor more than 20 years" pursuant to OCGA § 16-6-4 (b) (1).

---

[2] The State does not dispute that Allen had never before been convicted of child molestation.

15

We acknowledge potentially competing authority from our Supreme Court in *Evans v. State*, 300 Ga. 271 (794 SE2d 40) (2016), which held that a count of sexual exploitation of children, charged in the same indictment as child molestation, was "evidence of a relevant similar transaction" that precluded the trial court's discretion to mitigate the defendant's sentence on the child molestation conviction under OCGA § 17-10-6.2 (c) (1) (C).[3] However, we find *Evans* distinguishable and the statutory language of *Monroe* more analogous to this case. Specifically, the General Assembly's use of the term "similar *transaction*" in OCGA § 17-10-6.2 is distinct from the term "second or subsequent *conviction*" provided for in OCGA § 16-6-4. Most importantly, "evidence of a relevant similar transaction" does not require that the similar transaction result in a conviction. Under the reasoning outlined in *Monroe*, 315 Ga. at 788-789 (7) (b), a statute enhancing a sentence for "second or subsequent conviction[s]" cannot rely on multiple convictions under the same indictment, in part because the defendant does not stand convicted of anything until after the judgment is entered on the verdict. Thus, we conclude that extending *Monroe* to the

---

[3] OCGA § 17-10-6.2 outlines the sentencing of persons convicted of a sexual offense, and subsection (c) (1) (C) provides as relevant here that a trial court "may deviate from the mandatory minimum sentence" when, among other things, "[t]he court has not found evidence of a relevant similar transaction."

16

circumstance presented in Allen's appeal is warranted, and his enhanced sentences for Counts 4 and 5 are unauthorized under OCGA § 16-6-4.

Finally, to the extent Allen argues that his sentence violates the Eighth Amendment, we decline to address this issue, as Allen's sentence will necessarily change upon resentencing. Accordingly, we affirm Allen's convictions, but vacate his sentences and remand for resentencing not inconsistent with this opinion.

*Judgment affirmed in part, vacated and remanded in part. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*