**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 8, 2025**

# In the Court of Appeals of Georgia

A25A1119. THE STATE v. DEAN.

GOBEIL, Judge.

The State appeals from the trial court's entry of a what it calls a "not guilty judgment notwithstanding the verdict" ("JNOV") as to one count of Jordan Lavoris Dean's criminal case. For the reasons set forth below, we reverse the trial court's judgment for this count, and remand the case for additional proceedings not inconsistent with this opinion.

The record here shows that Dean was indicted for the following charges: malice murder (Count 1), felony murder (Count 2), aggravated assault (Count 3), possession of a firearm during the commission of a felony (Count 4), and tampering with evidence (Count 5). Count 4 specifically was predicated on the crime of aggravated

assault against the victim, N. F. At the conclusion of the trial, the jury found Dean not guilty of Counts 1-3 and guilty of Counts 4-5.

Before sentencing, Dean's trial counsel stated that "[p]rocedurally" Dean could not be found guilty of possession of a firearm during the commission of a felony when he was found not guilty of the predicate felony of aggravated assault, and thus asked the court to vacate the verdict as to Count 4. The State initially agreed, but after a recess argued that the verdict in Count 4 was proper because the jury could have found that Dean committed an aggravated assault to support the firearm charge other than the one charged in Count 3. The court ultimately vacated the verdict in Count 4 based on the "logical conclusion" that Dean could not be convicted of the firearm charge if he was acquitted of the predicate felony. On Dean's disposition order, Count 4 is marked as "Not Guilty (JNOV)." The trial court then sentenced him as to Count 5 only. The State has appealed from the judgment.

1. We first consider our jurisdiction in this case. "In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Evans*, 282 Ga. 63,

64 (646 SE2d 77) (2007) (citations and punctuation omitted). Here, the trial court issued what it labeled a JNOV on Count 4. However, "there is no provision in Georgia law authorizing a trial court to entertain a motion for judgment of not guilty notwithstanding a verdict of guilty in a criminal case[.]" *Banks v. State*, 290 Ga. App. 887, 887 n. 1 (660 SE2d 873) (2008). The correct procedure for the court to achieve what it was seeking in this case "would have been the grant of a motion in arrest of judgment[.]" Id.; *State v. Robinson*, 275 Ga. App. 117, 117-118 (619 SE2d 806) (2005) (reversing the grant of motion in arrest of judgment premised on the inconsistent verdict rule where defendant was found guilty of possession of a firearm during the commission of a felony, but was acquitted of the predicate felony); OCGA § 17-9-61 (setting forth the grounds and procedure for motion in arrest). We find that in this case, where the trial court set aside a criminal conviction because it found there to be a nonamendable defect in the verdict, the judgment being appealed is, in effect, an order in arrest of judgment, which is appealable via OCGA § 5-7-1 (a) (2). See *State v. Freeman*, 272 Ga. 813, 815 (1) (537 SE2d 92) (2000) (where trial court "set aside the murder conviction on legal grounds based on a defect appearing on the face of the record[,]" order was in effect an order in arrest of judgment and State was entitled to

3

a direct appeal under OCGA § 5-7-1), overruled on other grounds by *Nalls v. State*, 304 Ga. 168, 177 (3) (a) (815 SE2d 38) (2018).[1]

2. The State argues that the trial court erred in vacating the verdict in Count 4 because Georgia law allows for inconsistent verdicts.[2] We agree. The Georgia Supreme Court has abolished the rule against inconsistent verdicts. See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). Our appellate courts have held repeatedly that a defendant can be found guilty of possession of a firearm during the commission of a felony, even if he or she is found not guilty of the underlying felony. See, e.g., *Ward v. State*, 318 Ga. 884, 895-896 (2) (901 SE2d 189) (2024) (upholding inconsistent verdicts where defendant was convicted of possession of a firearm during the commission of aggravated assault but acquitted of aggravated assault); *Daniely v. State*, 309 Ga. App. 123, 124-125 (1) (709 SE2d 274) (2011) (upholding inconsistent verdicts where defendant was convicted of possession of a knife during the commission of aggravated assault but acquitted of aggravated assault).

---

[1] And to the extent the judgment is in fact a judgment notwithstanding the verdict, it would be "otherwise void under the Constitution or laws of this state" from which the State is permitted to appeal. OCGA § 5-7-1 (a) (6).

[2] Dean did not file a brief in response.

In these situations, the question becomes whether the evidence viewed in favor of the conviction was sufficient to support the guilty verdict. Id. at 125 (1). Put another way, "[t]he issue is not whether an acquittal on one charge would logically necessitate acquittal on another charge on which the jury convicted the defendant; rather, the sole question is whether the evidence viewed in favor of the conviction was sufficient to support the guilty verdict." *Robinson*, 275 Ga. App. at 118 (citation and punctuation omitted). The State argues that in Dean's case, the evidence was sufficient to support the conviction for Count 4, possession of a firearm during the commission of a felony, such felony being aggravated assault. We agree.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence[.]" *Williams v. State*, 333 Ga. App. 879, 879 (777 SE2d 711) (2015) (citation and punctuation omitted). "In evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt." *Fuller v. State*, 363 Ga. App. 217, 220 (1) (a) (871 SE2d 79) (2022) (citation and punctuation omitted).

Count 4 charged Dean with possessing a firearm during the commission of an aggravated assault against N. F. on April 10, 2024. At trial, evidence was presented that Dean shot a Glock firearm through the windshield of the car he was driving during an incident with another vehicle being driven by N. F. Specifically, Dean's brother testified that Dean had a firearm and the front windshield of their vehicle was shot out. The brothers were afraid because the driver of the other vehicle was acting aggressively and brandished a firearm at them. During the incident, N. F. suffered multiple gunshot wounds and died. Dean himself testified that he fired the gun as a "warning shot" to the other driver.

This evidence was sufficient for the jury to convict Dean of possession of a firearm during the commission of aggravated assault. See OCGA § 16-11-106 (b) (1) (possession of a firearm during the commission of a felony); OCGA § 16-5-21 (a) (2), (a) (4) (aggravated assault).

Accordingly, we reverse the trial court's grant of a motion in arrest of judgment and remand for sentencing on Count 4. See *Robinson*, 275 Ga. App. at 118.

*Judgment reversed and case remanded. Rickman, P. J., and Davis, J., concur.*